G. W. DeVane, *Plaintiff in Error,* v. Richard Bauman, *Defendant in Error.*

Opinion Filed November 5, 1921.

1. _Where the amount of a verdict is so great or so inadequate as to shock the judicial conscience or to indicate that the jury must have been unduly influenced in some way, or swayed by bias, passion or prejudice, a new trial should be granted.

2. Where there is diffculty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted.

3. In a suit for damages for personal injuries it is competent for the trial court if it thinks the damages so 'small as to indicate that the jury must have omitted to take into account some of the heads of damages which were properly involved in the plaintiff's claim, to set aside the verdict and order a new trial at the instance of the plaintiff.

4. Section 3147 of the General Statutes gives the elements of the damages that may be recovered thereunder, and the mere fact that the amount of the damages is left to the discretion of the jury does not make the statute violative of the constitutional guaranty of due process of law, since the finding is regulated by applicable principles of law, and the verdict rendered is subject to approval by the trial court and to such appellate review as may be provided by law for the correction of material and prejudicial errors, if any occur in the trial of the cause.

A Writ of Error to the Circuit Court for Dade County; O. K. Reaves, Judge.

Judgment affirmed.

*E. B. Kurtz,* for Plaintiff in Error;

*G. A. Worley & Son,* for Defendant in Error.

BROWNE, C. J.—In a suit by the father for the negligent killing of his three year old child by an automobile driven by the defendant, G. W. DeVane, the jury rendered a verdict for the plaintiff in the sum of $400.00.

The Court instructed the jury that if they found that the defendant was negligent in the manner stated in the declaration and by reason of such negligence, and as the proximate result thereof, the child was killed, that the plaintiff would be entitled to recover for the loss of services of the child until it "reached twenty-one years of age, if he lived so long, provided, of course, if the plaintiff himself would have lived to that time," and for mental pain and suffering not only of himself but his wife, for both parents, on account of the death of the child, and in addition to that, if they found that the plaintiff incurred funeral expenses for the death of the child, they may allow such sums as they paid out for that purpose.

The plaintiff proved that by the killing of his child he had been put to the expense of about $200.00. There was no testimony as to the probable earning capacity of the child until it was twenty-one years of age, nor was there any testimony from which the jury could find that the parents or either of them would live until the child became twenty-one years old.

Assuming that under this state of the testimony, the jury did not find anything for the loss of the services of the child, then whatever amount was awarded in addition to the $200.00 for expenses, was for the mental pain and

anguish of the parents caused by the death of their little child.

It is a well settled rule that where a verdict is so great or so inadequate as to shock the judicial conscience or to indicate that the jury must have been unduly influenced in some way or swayed by bias, passion or prejudice, a new trial should be granted. Atlantic Coast Line R. Co. v. Beasley, 54 Fla. 311, 45 South. Rep. 761; Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 South. Rep. 28; Seaboard Air Line Ry. v. Anderson, 73 Fla. 1, 73 South. Rep. 837. In the Anderson case *supra*, the Court said: ''Where there is difficulty in reconciling the verdict with the justice of the case and the manifest weight of the evidence, a new trial should be granted.''

In the case of Phillips v. South Western Ry. Co., L. R. 4 Q. B. Div. 406 (Eng.) in an opinion by Lord Chief Justice Cockburn, setting aside a verdict for £7000 damages for personal injuries not resulting in death, upon the grounds of the inadequacy of the verdict, he said ''the jury must have omitted to take into account some of the the heads of damage which were properly involved in the plaintiff's claim.''

In considering the question of the duty of the Court to grant a new trial in an action of tort on the grounds of inadequacy of the damages the Lord Chief Justice said: ''We think the rule contended for has no application in a case of personal injury, and that it is perfectly competent to us if we think the damages unreasonably small to order a new trial at the instance of the plaintiff. There can be no doubt of the power of the Court to grant a new trial where in such an action the damages are excessive. There can be no reason why the same prinicple would not apply where they are insufficient to meet the justice of the case.''

See also Benton v. Collins, 125 N. C. 83, 24 S. E. Rep. 242, 47 L. R. A. 33, and copious notes.

The portion of the statute involved in this case is that which provides that the father of a minor child whose death is caused by the wrongful act, negligence, carelessness or default of any individual, "may recover, not only for the loss of services of such minor child but in addition thereto, such sum for the mental pain and suffering of the parent (or both parents if they survive), as the jury may assess." Sec. 4962 Rev. Gen. Stats. of Florida, 1920.

It is contended by the plaintiff in error that as this statute gives to the jury the right to assess the amount of damages to be awarded for mental pain and suffering, its award for this item is not reviewable by either the trial or appellate court.

This question was passed on in the case of Davis v. Florida Power Co., 64 Florida, 246, 60 South. Rep. 759, 32 Ann. Cas. 965, where this Court held: "Section 3147 of the General Statutes gives the elements of the damages that may be recovered thereunder, and the mere fact that the amount of the damages is left to the discretion of the jury does not make the statute violative of the constitutional guaranty of due process of law, since the finding is regulated by applicable principles of law, and the verdict rendered is subject to approval by the trial court and to such appellate review as may be provided by law for the correction of material and prejudicial errors, if any occur in the trial of the cause."

The question then arises, is an award of $200.00 for the mental pain and suffering of the father and mother whose three year old child was instantly killed in the presence of the mother, such an award as would shock the judicial

conscience of the trial judge, and is unreconcilable with the justice of the case? We unhesitatingly say that it is, and the jury having found that the death of the child was due to the negligent act of the defendant below, it must have been effected by considerations outside of evidence or swayed by bias or prejudice, to have awarded such a pittance as sufficient compensation for the mental pain and suffering of these anguished parents.

We unhesitatingly approve of the ruling of the Circuit Judge in setting aside the verdict and granting a new trial.

Finding no error in the record, the judgment is affirmed.

All concur.

ELLIS, J., Concurring.—I concur in the conclusion reached in this case upon the ground that the granting of a new trial in an action for damages for the wrongful death of a person, because the damages assessed by the jury are too small, is a power vested in the trial court to be exercised upon its discretion and will not be interfered with on appeal in the absence of abuse.

The presumption is always in favor of the proper exercise of such discretionary power.

It has been many times stated by other courts that the rule rests upon the theory that the judge who tries the case is better qualified to judge whether a fair trial has been had and substantial justice done than an appellate court which has before it only the record of the proceedings. The trial judge has before him the parties, their counsel and the witnesses, he observes their conduct, regards their demeanor and notices all the incidents occur-

ring during the progress of the trial that might affect its results.

The new trial was granted in this case in the exercise of the discretion vested in the Court. I perceive nothing in the record that shows an abuse of this discretion. While the evidence does seem to be meager upon the subject of damages and there may be some difference of opinion as to what sum was allowed if any for the mental suffering of the plaintiff, the child's father, I am of the opinion that the record does not show that the Court abused its discretion in granting a new trial and for that reason I think the order should be affirmed.

WEST, J., concurs.