J. H. TURNER, Trading and doing business under the Trade Name of TURNER PRODUCE COMPANY, v. F. B. KREIDER and G. W. SHUBERT, individually and as co-partners trading and doing business under the Trade Name of TROPICAL REFRIGERATING COMPANY.

19 So. (2nd) 408 June Term, 1944
June 23, 1944 Special Division A
Rehearing denied September 19, 1944

*M. A. Rosin,* for appellant.

*Leitner & Leitner,* for appellees.

ADAMS, J.:

This appeal brings for review the following order:

"This cause coming on this day, to wit, December 10, 1943, to be heard upon motion for new trial in this cause,

and the matter having been argued by counsel and the Court being fully advised in the premises, is of the opinion that the verdict is excessive. There was some evidence that the normal shrinkage of beef was three percent and there was some testimony in the case that there was a shrinkage of six percent, but the proof in this case is uncertain as to the amount of loss by such shrinkage, and there was some evidence as to excessive consumption of electricity, but no proof of the actual amount; and there was testimony as to the spoilage of beef, and there is, in the opinion of this Court, no foundation for the verdict for $4,000.00 but since there is some competent testimony, the Court is of the opinion that this defect can be remedied by a remittitur, and this remittitur should be in the sum of $3,100.00, leaving the verdict to stand at $900.00.

"It Is Therefore Ordered that if the plaintiff shall, within ten days from this date, enter a remittitur for $3,100.00 reducing the judgment to $900.00, then the verdict shall stand for $900.00, otherwise, the said motion for new trial is granted."

Appellant sued for breach of warranty contained in plans and specifications for the construction of a cold storage plant.

The defects claimed are that the coils installed were insufficient in number to give the required refrigeration in the produce and chill rooms; that one of the fans was improperly installed and that the plant would not perform automatically.

The damage claimed, as a result of these defects, was approximately: $700.00 for additional coils; $2,226.33 for spoilage of meat; 6% shrinkage on meat and 10% increase of electric current. There was an additional claim of $600.00 representing a penalty of $100.00 per week delay in the completion of the plant. The parties in the contract had agreed on such a penalty in event of more than ten weeks intervening after starting the plant.

As we approach the decision of this case, we must determine whether the trial judge abused his discretion in the entry of the quoted order. Naturally, we presume the order was properly entered, but we are bound to examine the foun-

dation upon which the trial judge based his finding. If the foundation upon which his judicial discretion was based would not, as a matter of law, justify his order then we must set it aside. The order itself reflects in no way what item, or items, the trial judge thought could, or could not, receive his approval. The evidence is abundantly clear that the plant did not operate satisfactorily. The evidence is undisputed that spoilage of meat resulted in a net loss of $2,226.33. It is shown that the cost of installing additional coils amounted to approximately $700.00 and thereafter the plant operated properly. It is true the evidence did not show with exactness the loss in money from shrinkage of beef, neither did it disclose exactly the amount of money lost from the 10% of excess current consumed. Damages are seldom capable of proof to a mathematical certainty and juries may be so instructed. There was a conflict in the testimony about the penalty item of $600.00. The testimony, as a whole, preponderates in favor of the plaintiff and the damages assessed by the jury cannot be said to be excessive.

From this showing, we are unable to follow the reason for reducing the judgment to $900.00. To sustain the order in granting a new trial would furnish no guide as to proof and assessment of damages on a second trial. A predicate to prove the detailed items was laid in the pleadings and very properly received the trial court's approval, consequently if a new trial should be had, in all probability, the same result would be reached.

We have duly considered the cross assignments of error and fail to find merit in them.

The order appealed from is reversed with directions to enter judgment on the verdict.

Reversed.

BUFORD, C. J., TERRELL and SEBRING, JJ., concur.