115 So.2d 444 (1959)
Minnie Lee PRICE, Appellant,
v.
James Larry JORDAN and Wilbur Jordan, Appellees.
No. 1138.
District Court of Appeal of Florida. Second District.
November 4, 1959.
*445 Will A. Nason, of Hamilton Nason & Williams, West Palm Beach, for appellant.
Otis R. Parker, Jr., of Fee, Parker & Sample, Fort Pierce, for appellees.
STEPHENSON, GUNTER, Associate Judge.
This case was brought by the appellant for personal injuries allegedly sustained when appellee, James Larry Jordan, negligently drove an automobile owned by appellee, Wilbur Jordan, into a vehicle operated by appellant.
A jury trial resulted in a verdict for the plaintiff-appellant in the amount of $16,247. The appellees moved for a new trial, one ground of the motion being the excessiveness of the verdict. The trial court agreed and in its order recited:
"The trial of this case was had on December 1st, 1958; and having heard all the testimony presented and remembering the same well, and having carefully considered it, and having difficulty in reconciling the justice of the cause with the verdict of the jury and the weight of the evidence, the Court concludes that the verdict in the sum of $16,247.00 is excessive. It is the judgment of the Court that the verdict should be reduced by the sum of $5,247.00, thereby making the verdict in the amount of $11,000.00."
The trial Court's order then directed a remittitur in the sum of $5,247 or in the alternative, in the event of the plaintiff's declination to enter such remittitur, granted a new trial on the question of damages only. This appeal is directed to the order granting the remittitur or in the alternative a new trial. Appellant contends that the verdict was not so excessive as to authorize a trial court to enter a remittitur.
The order for new trial became operative upon the plaintiff's refusal to enter a remittitur as directed by the Court. Appellate review of such an order is restricted to the grounds upon which the order was granted. Section 59.07(4), Florida Statutes, F.S.A. Thus review is restricted to the question whether the remittitur was properly ordered on grounds of excessiveness of the verdict. It is significant *446 that the court ordered a new trial on the question of damages only and held that there was no question that the plaintiff sustained her injuries through the negligence of the defendants.
In directing the entry of a remittitur, the trial judge does not usurp the functions of the jury, but rather indicates, the amount of the recovery that the court considers excessive. However, the excessiveness of a verdict should be capable of ascertainment from an examination of the record. The rule, often quoted, was stated in De La Vallina v. De La Vallina, 1926, 90 Fla. 905, 107 So. 339, as follows:
"In requiring the entry of a remittitur to correct an excessive verdict or judgment, the general rule seems to be that the amount of the excess must clearly appear from the record, and then, if on the whole showing made by the record it appears that the damages awarded by the jury are excessive, the court may require a remittitur for the amount of the excess on condition that the judgment stand for the balance, otherwise a new trial will be granted."
This rule was set forth in a case upholding an order for a remittitur, but the same rule has been applied by the Supreme Court in cases reversing orders granting remittiturs and new trials. Smith v. Jackson County, 1938, 134 Fla. 354, 183 So. 738; and Elks Club v. Adair, 1928, 95 Fla. 415, 116 So. 26. The question is whether the trial judge abused his discretion, in the light of the record, in declaring the verdict excessive. See the case of Turner v. Kreider, 1944, 154 Fla. 832, 19 So.2d 408; and De La Vallina v. De La Vallina, supra. Generally, see also 23 Fla.Jur., New Trial, sections 90, 91, and 92, pp. 459-462.
Another case applicable in principle and very similar to the present case is Kovacs v. Venetian Sedan Service, Inc., Fla.App. 1959, 108 So.2d 611. There the Third District Court of Appeal reversed an order granting a new trial on grounds of excessiveness of the verdict since the excessiveness did not clearly appear.
It appears, therefore, from the cases heretofore cited that the grounds given by the trial judge in ordering the remittitur are not grounds which are recognized by the applicable Florida cases. The question whether the verdict was clearly excessive must be determined from the record.
The appellant was a 21 year old woman having a life expectancy of 45.66 years. A careful review of the record shows that she received a whiplash type of injury to the cervical spine and also a bruised knee. The knee injury cleared up in about two weeks, but the neck injury was of greater consequence. Appellant wore a collar to immobilize her neck for a period of two or three months and received medical treatment for her injuries and endured the pain and suffering that ensued. Her medical expenses amounted to $233.50. Her physician testified that she suffered a permanent disability of ten to fifteen per cent as a result of her neck injury and that even normal activities such as dancing, swimming, and playing with her children could result in moderate to severe discomfort. There is abundant testimony that her normal activities are curtailed and that she must restrict her social life.
Plaintiff's physician testified that "As far as just living and earning a living typing and doing nothing else, there is no disability" and further that as to secretarial work "she could do that with that collar on the rest of her life if that were necessary." However, the record clearly established that prior to the accident the plaintiff was employed as a combination bookkeeper and secretary. It was her testimony and that of her employer that due to the neck injury the plaintiff was no longer able to handle the bookkeeping as she would get tired, nervous, and upset. Working constantly on the books made her neck ache and she was just no longer able to fulfill the duties of bookkeeper.
*447 In an attempt to gain better working conditions with shorter hours, she took a job with another employer which, essentially, consisted of the same bookkeeping and secretarial duties, but she lost that job because she could not do the bookkeeping. She then came back to work for her original employer as a receptionist. His testimony establishes, however, that he could no longer afford to pay her original salary since she could no longer do the bookkeeping, so her salary as receptionist is $10 per week less than she formerly received. This reduced salary did not go into effect immediately after the accident and she suffered no initial loss of earnings, since her employer kept her on at her original salary whether she was able to do the work or not. Also, the job which she lost was not at a reduced salary. However, the record indicates that as a result of a permanent bodily injury of ten to fifteen per cent, the plaintiff has suffered a diminution in her earning capacity, that she is no longer able to fulfill the duties she formerly fulfilled, and that her salary has been reduced by $10 per week as a consequence thereof.
Thus, it cannot be said that the excessiveness of the verdict clearly appears from the record in the case. There is evidence of medical expenses, of a knee injury which has cleared up, of a neck injury which has resulted in a ten to fifteen per cent disability, of pain and suffering with the injuries received and through the treatment of them, of a restricted personal and social life as a direct result of the permanent injury, and of a loss of earning capacity throughout a life expectancy of 45.66 years. No reasonable basis appears in this record by which it could be said that the verdict of the jury was excessive by the amount of $5,247. The evidence might well have sustained but not required a verdict in a higher amount than was returned by the jury.
This is not a case in which the trial court granted a new trial unconditionally on the ground that the verdict was contrary to the manifest weight of the evidence. Cloud v. Fallis, Fla. 1959, 110 So.2d 669. It is reiterated that the trial judge in the present case, as indicated by his order, considered the issues of liability concluded against the defendants. His order for a new trial on the question of damages only was conditioned upon the refusal of the plaintiff to enter a remittitur. It has been pointed out that the record in its present state, under the pertinent cases heretofore cited, does not sustain the order for a remittitur.
It follows from the cases heretofore cited that the lower court abused his discretion and was in error in ordering the remittitur and consequently in granting a new trial on the basis of the excessiveness of the verdict. We are, therefore, impelled to reverse the order appealed from and remand the cause for the entry of judgment on the verdict.
ALLEN, C.J., and SHANNON, J., concur.