PEARSON, Judge.
Elizabeth Mow and Edward Mow, her husband, received verdicts of $20,000 and $810, respectively, at the conclusion of a jury trial. The action claimed damages resulting from the negligence of the defendant in the construction or maintenance of a swimming pool. The defendant provided the pool as a part of the accommodations at its motel where she was a guest. The injury occurred when a pool ladder gave way and Mrs. Mow’s leg was caught between the ladder and the pool wall, causing the leg to be broken. The trial judge granted a new trial upon the issue of Mrs. Mow’s damages upon the ground that the amount awarded to her was excessive. The order granting the new trial as to damages is reversed.
The relevant portions of the trial judge’s order are set forth because on this review we are restricted by law[1] to consider only the question of the excessiveness of the verdict as appearing on the record, and not any other possible reasons for rejecting the verdict, since if there were any, they were not indicated by the trial court in the order granting new trial. Leonetti v. Boone, Fla.1954, 74 So.2d 551.
“1. That the defendant’s motion to enter judgment in favor of the defendant be and the same is hereby denied.
“2. That the defendant’s motion to set aside the verdict and judgment entered in favor of Edward H. Mow and grant the defendant a new trial because the said verdict is contrary to the evidence and is excessive, be and the same is hereby denied.
“3. That the defendant’s motion to set aside the verdict and judgment entered in favor of Elizabeth Mow and grant the defendant a new trial because the said verdict is contrary to the law and contrary to the evidence and is excessive, be and the same is hereby granted on the question of damages only. This Court is of the opinion that the verdict in favor of the plaintiff, Elizabeth Mow, is excessive but it is impossible for the Judge to fix and determine a proper amount of remittitur.”
It will immediately be observed that the existence or degree of defendant’s negligence is not an issue upon this appeal. Also, there is no question as to the sound broad discretion of a trial judge in acting upon a motion for a new trial. Cloud v. Fallis, Fla.1959, 110 So.2d 669.
 The question presented is whether the excessiveness of the verdict may be determined upon the record, or the amount is such as to shock the conscience of the court, or to indicate that the jury must have been influenced unduly by passion or prejudice, or that the jury misconceived the evidence, failed to consider and decide issues submitted, misused the law as charged, or otherwise failed to discharge their duty as they were directed by the court. DeVane v. Bauman, 82 Fla. 346, 90 So. 192; Breitbart v. State Road Department of Florida, Fla.App. 1959, 116 So.2d 458. If the trial judge only disagreed with the jury’s verdict or viewed the evidence or credibility of the witness differently than the jury, then his order granting a new trial for excessiveness of the award would be error. See Wise v. Jacksonville Gas Corporation, Fla.App.1957, 97 So.2d 704; McCall v. Sherbill, Fla.1953, 68 So.2d 362.
It cannot be said that excessiveness of the verdict clearly appears from the record in this case. Nor do we find in the record any indication that the jury might have been unduly influenced by passion or prejudice. There is evidence of a great deal of pain and suffering, extended medical treatment and permanent injury. The appellee lays stress upon the fact that Mrs. Mow had a *48 severe polio residual disability in her other leg and was therefore as disabled before as after the accident. It is urged that the atmosphere in which the trial of this case progressed was such that an appellate court must necessarily rely upon the judgment of the trial court to see that unfettered justice is rendered. But the case was tried before the jury, as well as the judge. As the Supreme Court pointed out in Rosenfelder v. Huttoe, Fla.1953, 66 So.2d 226, where the only reason for awarding a new trial would be to have another jury pass on the question of the amount of the damages, an order for a new trial upon the damages must be set aside.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Sect. 50.07(4), Fla.Stat., F.S.A.