ALLEN, Acting Chief Judge.
This is an appeal from an order granting appellee’s (defendant below) motion for a new trial.
The jury returned a verdict for the plaintiff assessing damages in the amount of $19,701.93. The trial court granted the defendant’s motion for a new trial on the grounds that the verdict was so grossly excessive as to shock the judicial conscience and to indicate that the jury was influenced by passion, prejudice, sympathy or other matters outside the evidence.
In this case we have more than a mere narrow finding of excessiveness by the court below. The trial court, in so^ many words, in addition to finding the verdict excessive, found that the verdict was so excessive as to shock the judicial conscience, etc. The question presented, then, is, the trial court having so found, is the appellate court bound by the recital of these words in the trial court’s findings? Or, can the appellate court also look to the record in this case and determine whether or not the lower court abused its discretion in granting a new trial?
In the case of Loftin v. Wilson, Fla.1953, 67 So.2d 185, it was held that where an amount for an award for personal injuries is such as to indicate passion or prejudice, a new trial must be ordered, and there is no necessity that the court inquire and declare as to what wrongful influence or failure of duty brought about the excess verdict. In this case, the new trial was ordered by the appellate cortrt on its own initiative.
There are many cases which place upon the trial court and the appellate court the duty to set aside a verdict which is so ex *765 cessive as to shock the judicial conscience. See Bartholf v. Baker, Fla.1954, 71 So.2d 480. No case has been found, however, that forecloses appellate review of the record to determine whether a finding below of ex-cessiveness of the verdict shocking to the judicial conscience amounted to an abuse of discretion constituting reversible error.
The case of F. P. Sadowski Corporation v. Mow, Fla.1961, 131 So.2d 3 (July 13, 1961, So.Rep. Advance Sheet) indicates that an appellate court can search the record for the absence of passion or prejudice when the trial judge does not give such as a ground for granting a new trial. That he does state such as his grounds for granting a new trial does not logically preclude the appellate court from searching the record for the absence of what the trial court found. A verdict shocking to the judicial conscience, though varied in scope, seems no greater or less of a general abstraction than an excessive verdict. We do not believe that a recital of both or either in the alternative should alter appellate processes in determing the presence of reversible error vel non.
We conclude that we can review the record in this cause to determine whether the lower court’s grant of a new trial was reversible error.
In the case of Price v. Jordan, Fla.App. 1959, 115 So.2d 444, this court reversed a trial judge who had directed a remittitur of $5,247 from a jury verdict of $16,247, granting a new trial in the event of the plaintiff’s nonacceptance of the remittitur. We held that the record did not show that the verdict was excessive and that hence directing a remittitur was error. Judge Gunter Stephenson, as an associate judge, wrote the opinion of this court in that case and was the same judge who wrote this court’s opinion in Cloud v. Fallis, Fla., 107 So.2d 264, which was affirmed by the Supreme Court. Fla.1959, 110 So.2d 669.
In Price v. Jordan, supra [115 So.2d 447], the judge, in his opinion, said:
“This is not a case in which the trial court granted a new trial unconditionally on the ground that the verdict was contrary to the manifest weight of the evidence. Cloud v. Fallis, Fla.1959, 110 So.2d 669. It is reiterated that the trial judge in the present case, as indicated by his order, considered the issues of liability concluded against the defendants. His order for a new trial on the question of damages only was conditioned upon the refusal of the plaintiff to enter a remittitur. It has been pointed out that the record in its present state, under the pertinent cases heretofore cited, does not sustain the order for a remittitur.”
It is also stated in Price v, Jordan, supra:
“ * * * The question is whether the trial judge abused his discretion, in the light of the record, in declaring the verdict excessive. See the case of Turner v. Krieder [Kreider], 1944, 154 Fla. 832, 19 So.2d 408; and De La Vallina v. De La Vallina, supra, [90 Fla. 905, 107 So. 339], Generally, see also 23 Fla.Jur., New Trial, sections 90, 91, and 92, pp. 459-462.
“Another case applicable in principle and very similar to the present case is Kovacs v. Venetian Sedan Service, Inc., Fla.App.1959, 108 So.2d 611. There the Third District Court of Appeal reversed an order granting a new trial on grounds of excessiveness of the verdict since the excessiveness did not clearly appear.”
In the case of Mow v. F. P. Sadowski Corporation, Fla.App. 1960, 122 So.2d 46, 47, the Third District Court of Appeal reversed the trial judge where he had granted a new trial upon the issue of Mrs. Mow’s damages and gave as reason only the excessiveness of the verdict. The jury verdict in this case for Mrs. Mow was in the sum of $20,-000. The court, in its opinion, said:
“The question presented is whether the excessiveness of the verdict may be *766 determined upon the record, or the amount is such as to shock the conscience of the court, or to indicate that the jury must have been influenced unduly by passion or prejudice, or that the jury misconceived the evidence, failed to consider and decide issues submitted, misused the law as charged, or otherwise failed to discharge their duty as they were directed by the court. DeVane v. Bauman, 82 Fla. 346, 90 So. 192; Breitbart v. State Road Department of Florida, Fla.App.1959, 116 So. 2d 458. If the trial judge only disagreed with the jury’s verdict or viewed the evidence or credibility of the witness differently than the jury, then his order granting a new trial for excessiveness of the award would be error. See Wise v. Jacksonville Gas Corporation, Fla.App.1957, 97 So.2d 704; McCall v. Sherbill, Fla.1953, 68 So.2d 362.
“It cannot be said that excessiveness of the verdict clearly appears from the record in this case. Nor do we find in the record any indication that the jury might have been unduly influenced by passion or prejudice. There is evidence of a great deal of pain and suffering, extended medical treatment and permanent injury. The appellee lays stress upon the fact that Mrs. Mow had a severe polio residual disability in her other leg and was therefore as disabled before as after the accident. It is urged that the atmosphere in which the trial of this case progressed was such that an appellate court must necessarily rely upon the judgment of the trial court to see that unfettered justice is rendered. But the case was tried before the jury, as well as the judge. As the Supreme Court pointed out in Rosenfelder v. Huttoe, Fla.1953, 66 So. 2d 226, where the only reason for awarding a new trial would be to have another jury pass on the question of the amount of the damages, an order for a new trial upon the damages must be set aside.”
The appellee in the above case took certiorari to the Supreme Court (F. P. Sadowski Corporation v. Mow, Fla.1961, 131 So.2d 35). The Supreme Court, Per Curiam, held 4 to 3 that the petition was without merit. Mr. Justice Roberts, in a dissenting opinion, said:
“In the instant case the district court reversed the trial court without finding a ‘clear showing of abuse’ of the ‘trial court’s broad discretion’. The absence of such a showing would leave the law in conflict oh whether a trial judge granting a new trial on the question of damages can be reversed ‘ * * * in the absence of a clear showing that it [the broad discretion of the court] has been abused’. Further conflict is reflected in the failure of the appellant to show anything further than some ‘substantial competent evidence,’ if this in fact she did show, to support her appeal. True, the trial judge could well have expressed the basis for his findings in his opinion: ‘This court is of the opinion that this verdict in favor of the Plaintiff, Elizabeth Mow, is excessive * * *.’ However, his finding that the verdict was ‘excessive’ was, we think, within his ‘broad discretion’ especially inasmuch as he was granting a new trial rather than denying a new trial.
“The rule laid down in Cloud v. Fal-lis, supra, is that the appellate court must find that the trial judge clearly abused his discretion whereas the rule applied here was that the court could reverse the trial judge upon finding some ‘substantial competent evidence’ to support the verdict, a principal specifically rejected in Cloud v. Fallis, supra. * * * ”
The evidence shows that plaintiff sustained an injury to the left cervicle re *767 gion of his back. In lay terms, this is known as a whiplash injury. The great bulk of the testimony was medical, considerably technical, and not necessarily such that would inflame the passions of the jury. Plaintiff was in and out of some form of traction from the date of the injury to the date of the trial. He incurred medical expenses of $1,267.56. The mortality tables reflect that he could expect to enjoy a life expectancy of 30.08 years. There was conflict in the medical testimony as to the likelihood of continuing disability. Defendant’s experts, orthopedic surgeons, indicated that generally there is complete recovery in such cases. Plaintiff’s experts, neurosurgeons, indicated a fairly strong possibility of continuing disability, the percentage of which is incapable of precise estimate.
The record further shows that the conflict between the neurosurgeons and orthopedic surgeons is not limited to the facts of this case. There is apparently an internal conflict within the medical profession between these two specialist branches as to diagnosis, prognosis, methods of treatment, etc., in this type of injury. It, therefore, fell upon the jury to, as near as possible, resolve the conflicts and decide the extent of plaintiff’s damages. The value to be placed on this loss could only be their estimate of the extent of pain and suffering over a period of 30.08 years. In making this estimate they returned a verdict of $19,701.93. Necessarily included in this amount were $1,267.56 medical expenses and their estimate of the compensation due plaintiff for pain and suffering from the date of the injury to the date of the trial. There was evidence to the effect that plaintiff’s pain and discomfort during that period was considerable.
We find from a study of the record, to some extent summarized above, that there was a clear showing of abuse of the trial court’s discretion in the granting of a new trial in this case. The court had held that the defendant was guilty of negligence and the sole question was the extent of the damages sustained by the plaintiff. We do not see from the evidence adduced below that the jury rendered an excessive verdict. The case should be and is hereby reversed with directions to set aside the order granting a new trial and for entry of final judgment in accordance with this opinion.
Reversed.
KANNER and WHITE, JJ., concur.