135 So.2d 885 (1961)
Josephine L. KRAUS, Appellant,
v.
Jack Charles OSTEEN and Borden's Dairy, Inc., a foreign corporation, Appellees.
No. 2151.
District Court of Appeal of Florida. Second District.
December 13, 1961.
Rehearing Denied January 4, 1962.
*886 John A. Chilldon, Tampa, for appellants.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellees.
KANNER, Judge.
In a negligence action, jury verdict of $5,550 was awarded plaintiff for personal injuries. Upon motion of defendants, the court below, deeming the sum awarded to be "grossly excessive" under the evidence, granted a new trial as to damages, but denied it as to liability, the court determining this issue to have been correctly resolved by the jury. Plaintiff, as an aggrieved party, seeks review of the order granting new trial, contending that the trial judge incorrectly weighed the evidence as to damages and substituted his verdict for that of the jury; further, she asserts that the amount of damages in the light of the evidence is not excessive.
Defendants protest that the judge erred in limiting the new trial to the issue of damages by denying the motion with respect to liability. However, when this proposition is looked to on its merits, it is apparent in view of the evidence that the trial court correctly denied a motion for new trial on the issue of liability. Accordingly, this court will direct its attention to the issues raised by plaintiff in her appeal.
The accident from which the suit arose occurred on May 9, 1958, when Mrs. Kraus, while operating her vehicle was struck from behind by a vehicle being driven by defendant Osteen and owned by defendant Borden's Dairy, Inc. Damage to the vehicle of Mrs. Kraus was slight, but she contends that she suffered whiplash injury. She was treated upon several occasions by *887 a medical doctor and was examined once by a psychiatrist. During trial, she attempted to prove that her personality and temperament had suffered severe change as a result of the accident so that she had become very nervous, tense, and neurotic, necessitating substantial further treatment in order that she might be restored to a state of well-being. She complained, additionally, of a "clicking" noise in her neck whenever she moved it. Defendants dispute that her condition had been substantially changed and assert further that, had it been, the proximate cause was not the accident but rather the fact that during the period of treatment both her husband and mother had died.
A review of the testimony bearing upon damages reveals that immediately after the accident Mrs. Kraus was in discomfort and suffered some pain. She was directed to apply compresses to her neck by personnel at the hospital, and X-rays were taken. The physician who treated her was suggested by the defendant Borden's Dairy, Inc. He prescribed a course of 24 treatments involving use of an electrical device and the wearing of a collar for approximately two weeks. Out of pocket medical expenses paid to this doctor were $150. Mrs. Kraus proceeded with the course of treatments. Within four to six weeks, her pain diminished, and the collar was removed, but the clicking noise in her neck and her nervousness persisted from the time of the accident to the trial.
Testimony of the medical doctor above mentioned was that first examination of Mrs. Kraus indicated that she was in moderate pain and that she had 80 percent of her normal range of hyperextension and lateral bending, a condition termed as "hyper-extension sprain of the cervical spine." He described Mrs. Kraus as being in moderate distress and nervous. Following the series of treatments, she, according to that witness, gave indication of being cured. At the time of the initial examination, no "crackling" noise was ascertained by the doctor although on cross examination he testified that it could have been present without being apparent to him. Mrs. Kraus herself testified that she had resumed her household duties, although the clicking noise persisted, and that the pain no longer troubled her. As to her complaint of extreme nervousness, Mrs. Kraus had been given pills for nervousness by another doctor four years previously. A psychiatrist, recommended by the treating doctor upon request of plaintiff's counsel as a reputable practitioner in his field, testified that he examined Mrs. Kraus on the day before the trial. The examination spanned an hour's time and the psychiatrist, upon the basis of questions to the patient and responses from her, observations, and the medical record and case history of Mrs. Kraus, testified that she was suffering a "psychoneurotic depressive reaction, moderate to severe, and she, perhaps, is in need of hospitalization and treatment, psychiatric treatment." It was his opinion that her condition either was a result of the accident or was aggravated by it. In addition to the evidence just reviewed, there was the lay testimony of a neighbor of Mrs. Kraus that after the accident plaintiff complained of the neck ailment mentioned above as well as of pain and that there had been a change in her personality. It may be noted that Mrs. Kraus's attorney stipulated that no permanent injury had been done to plaintiff. It was the view of the trial judge, as expressed in his order, that testimony of the psychiatrist was at best speculative, was unsatisfactory to overcome that of the treating physician indicating Mrs. Kraus's recovery, and was obviously given undue weight by the jury.
Under the evidence above delineated, we now consider the propriety of the trial judge's action in granting new trial upon the ground that the verdict was "grossly excessive." First, we must turn our attention to the scope of appellate review as to this point. Recent decisions dealing with the question include the leading case of Cloud v. Fallis, Fla. 1959, 110 So.2d 669, in which the Supreme Court of Florida, *888 affirming on certiorari an opinion of this court, Fla.App. 1958, 107 So.2d 264, reaffirmed the "broad discretion" rule that a motion for new trial is directed to the sound, broad discretion of the trial judge and that the ruling on such a motion should not be disturbed in the absence of a clear showing that such discretion has been abused.
A mere assertion on the part of the trial judge that a new trial has been granted because of excessiveness of damages awarded by a jury does not preclude appellate review.
We may here interject the observation that neither passion, prejudice, or other improper motive was raised in the order of the trial judge granting a new trial nor was the judicial conscience of the court stated to be shocked. We may also say that our study of the record reveals no indication that the jury was influenced by any of the mentioned reasons. We are here concerned only with the question of whether the verdict is in fact "grossly excessive." No other grounds than those specified by the trial judge as a basis for the order granting the new trial shall be considered as arguable upon the appeal. See section 59.07(4), Florida Statutes, F.S.A.
The issue being solely that of excessiveness of the verdict, a resort to the record is necessarily required in order to arrive at a proper determination. Mow v. F.P. Sadowski Corporation, Fla.App. 1960, 122 So.2d 46, certiorari writ discharged and petition dismissed, Fla. 1961, 131 So.2d 3; Price v. Jordan, Fla.App. 1959, 115 So.2d 444; Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704.
If the trial judge only disagreed with the jury's verdict or viewed the evidence or credibility of the witnesses differently than did the jury, then his order granting new trial for excessiveness of the verdict would be error. Where the only reason for granting a new trial is to have another jury pass upon the question of the amount of the damages the order for trial must be set aside. Mow v. F.P. Sadowski Corporation, supra.
Adverting to the record, we observe that Mrs. Kraus's medical expenses were nominal, and no permanent injury had been inflicted. The amount of pain and suffering endured by her, both physical and mental, was primarily a jury question. As to the degree of Mrs. Kraus's anguish, the testimony of the doctor who treated her and that of the examining psychiatrist was not essentially in conflict, since their fields of specialization, reflected by their reports and diagnostic estimates of the patient's condition, represented different areas of therapy and diagnosis. Thus, while the jury might be assumed to be in agreement with testimony of the physician who treated Mrs. Kraus that her physical condition was once again normal, still they could also have found the psychiatrist's opinion with reference to her mental condition, as coming from an expert in that particular field, to have been sufficient basis upon which to justify the jury verdict entered. These two witnesses testified for Mrs. Kraus; no evidence was offered by defendants either to controvert this testimony or to support a contrary position as to Mrs. Kraus's physical or mental condition.
We are impelled to the conclusion that the trial judge exceeded the bounds of the "broad discretion" doctrine prescribed in Cloud v. Fallis. It must therefore follow that the order of the trial judge granting a new trial as to damages should be set aside and final judgment entered for plaintiff.
Reversed.
SHANNON, C.J., and WHITE, J., concur.