MANN, Judge.
Difference of opinion is said to underlie the sale of inferior land and the marriage of ugly women. Who are we to say from the scholarly serenity of the appellate bench that a jury erred in awarding $18,250.00 to Mrs. Simpson? She suffered some nerve damage in the left ear which causes pain in the ear and headaches and which physicians testified is permanent. The translation of misery into money is a task for which judges are no better fitted than laymen, and we will not disturb a jury’s verdict in the absence of a showing that it reflects passion, prejudice, improper motive or manifest misconstruction of the law or the evidence.
Appellant contends that the verdict is excessive because it is more than twenty times the amount of medical expense incurred. This argument does not survive reflection. We are grateful for whatever rules of thumb facilitate the settlement of personal injury cases before they reach the courts, but they have no legal significance. Pain and suffering do not vary with the cost of treatment. Suppose an injury resulting simply in the loss of an eye beyond medical help, entailing a nominal expense. Should we apply some pair of magical multipliers to determine the permissible boundaries of the jury’s judgment? Would the same multipliers govern the loss of two eyes? This court will not substitute judges’ computations for juries’ common sense.
*300 We adhere to the law stated in Clark v. Russo, 133 So.2d 764 (Fla.App.1961), aff’d 147 So.2d 1 (Fla.1962) and Price v. Jordan, 115 So.2d 444 (Fla.App.1959).
LILES, C. J., and HOBSON, J., concur.