227 So.2d 889 (1969)
CHANDLER LEASING CORPORATION, a Massachusetts Corporation, Coca Cola Bottling Company of Miami, a Florida Corporation and Harrison M. Ross, Jr., Appellants,
v.
Rosina GIBSON and Nathan Gibson, Her Husband, Appellees.
No. 69-146.
District Court of Appeal of Florida. Third District.
November 12, 1969.
Rehearing Denied December 5, 1969.
*890 Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellants.
Spence, Payne & Masington and Podhurst & Orseck, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
SWANN, Judge.
The appellants were the defendants below and appeal from a final judgment rendered after a jury verdict for the plaintiffs in a negligence suit.
Defendants claim reversible error was committed by permitting plaintiffs to offer testimony of an expert witness that did not rebut any new matter brought out during the presentation of the evidence for the defendants.
We have carefully reviewed the record and find that the trial judge, in the exercise of sound judicial discretion, could have determined that the questioned testimony was in rebuttal of new matter brought out during the presentation of the evidence of the defendants. We find no abuse of sound judicial discretion by the trial judge in this claim for reversal. See Driscoll v. Morris, Fla.App. 1959, 114 So.2d 314.
Defendant's second point is that the trial court erred in denying a motion for new trial or remittitur because the award to the husband, Nathan Gibson, was so excessive that it had to be based upon passion, prejudice or a total disregard of the evidence and should shock the judicial conscience.
Plaintiffs concede that the verdict of Seventy-Eight Thousand Dollars was a "good verdict for the plaintiff husband" but argue that no passion, prejudice or sympathy on the part of the jury has been demonstrated and that there is competent, substantial evidence in the record to sustain the verdict.
Without detailing the testimony and evidence we find that the jury verdict and final judgment for the plaintiff husband were supported by substantial, competent evidence and that the trial court did not err in denying the motion for new trial, or remittitur. See Fla. Power & Light Co. v. Robinson, Fla. 1953, 68 So.2d 406; Breeding's Dania Drug Co. v. Runyon, 1941, 147 Fla. 123, 2 So.2d 376; Talcott v. Holl, Fla.App. 1969, 224 So.2d 420; and Bach v. Miami Transit Co., Fla.App. 1961, 129 So.2d 706, cert. denied, Fla. 1961, 133 So.2d 322.
Finally, defendants seek reversal because the trial judge would not permit argument to the jury on the failure of the plaintiff wife to have the seat belt in the car secured around her body.
In the instant case, defendants did not plead contributory negligence and did not seek any instructions on the issue of contributory negligence as a result of the failure of the plaintiff wife to have the seat belt fastened around her body. Even if defendants had properly attempted to raise this as an issue, they would have been faced with the opinion and decision of Brown v. Kendrick, Fla.App. 1966, 192 So.2d 49. Under the authority of Brown, supra, there was no error committed by the trial judge in this regard.
The final judgment herein appealed is
Affirmed.