PER CURIAM.
The Lincolns, appellant-defendants, seek review of a final judgment in favor of the Miggins, appellee-plaintiffs, entered pursuant to a jury verdict in an automobile negligence case. The appellants challenge the entry of a directed verdict as to liability at the close of all the evidence and ex-cessiveness of the jury’s award of $15,000 on the father’s derivative claim for his daughter’s future medical expenses.
It is not necessary to recite all the facts of the accident which occurred on the Sunset Drive access ramp to the Palmetto Expressway. William Lincoln, the driver, struck the car ahead of him, an Anglia. The plaintiff-appellee Joanne E. Miggins, then age 17, was riding as a passenger in the Anglia. She was severely injured when the Anglia overturned and burned.
We note that the following Florida rule is applicable to this case: A driver *89 of a vehicle which strikes the rear of another vehicle is presumed to be negligent; if the driver does not explain why his vehicle collided with the one in front of his, then he will be subject to having a verdict directed against him on the issue of liability. Appellants’ contentions are directed at dissipating the presumption by a legally sufficient explanation. Specifically, appellant-defendants contend that because of disputed issues of material fact, the court should not have directed a verdict as to liability in favor of appellee-plaintiffs at the close of all the evidence. The asserted disputed facts are (1) whether the car which was struck was stopped at the crest (and visible to the defendant driver) or beyond the crest (and not visible to him) and (2)whether the car that was struck was required to stop because of cars ahead of it or was illegally stopped (in violation of a traffic statute).
We have reviewed the record presented herein, including the photographs of the access ramp, and have viewed the facts in the light most favorable to the appellant-defendants. See generally, Smith v. Peninsular Insurance Company, Fla.App.1965, 181 So.2d 212, 216-217, 13 A.L.R.2d 1326. We have considered the arguments presented in the brief and at oral argument. It is our view that the directed verdict as to liability in favor of the plaintiff at the close of all the evidence was proper. The negligence of the defendant was established and not refuted so that reasonable men could not differ as to his liability. See Sawyer v. Dawson, Fla.App. 1968, 215 So.2d 764 and cases cited.
We also express the view that while the $15,000 worth of damages awarded on the father’s claim was substantial under the evidence presented herein, they are not so excessive as to warrant reversal. The uncontradicted evidence showed that the past out-of-pocket medical and hospital expenses were $5,472.40. The examining psychiatrist testified to the possibility of future medical expenses until the minor plaintiff reached age 21. The father claimed loss of services and the court properly instructed that this was an element of damages recoverable; there was no direct testimony as to the value of such services.
The general rule as to excessiveness is that unless the award is so manifestly excessive as to shock the judicial conscience, or as to be indicative of prejudice, passion, or corruption on the part of the jury, or unless it clearly appears that the jury ignored the evidence, misconceived the merits, or operated wholly upon speculation, a jury award will not be upset on appeal. See generally Chandler Leasing Corp. v. Gibson, Fla.App. 1969, 227 So. 2d 889, 890 and cases cited. It is our view, based upon a consideration of the record, that the jury’s award on the derivative claim was within the realm of reasonableness.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.