PEARSON, Judge.
This action was instituted to recover damages for false imprisonment. In the trial court, the plaintiffs were the beneficiaries of jury verdicts awarding compensatory damages. The jury awarded $3,640 to James Burrell Blair, while $7,640 was awarded to his wife, Dorothy Agnes. After the verdicts were awarded, the defendant-appellee moved for remittitur or, in the alternative, a new trial. As a consequence of this motion, the trial court entered an order declaring that the “damages were excessive and the jury verdict was based upon sympathy, passion and/or prejudice.” Remittitur was then ordered in the amount of $1,500 for Mr. Blair and $3,500 for his wife. In the event the plaintiffs rejected remittitur, the court order provided for a new trial. The plaintiffs rejected remittitur and the instant appeal results.
The claim for damages submitted to the jury was one in which the amount to be awarded was peculiarly within the province of the jury. Lincoln v. Miggins, Fla.App.1971, 249 So.2d 88; Kraus v. Osteen, Fla.App.1961, 135 So.2d 885; Ratner v. Arrington, Fla.App.1959, 111 So.2d 82. An examination of the record reveals no reasonable basis on which the trial judge could determine that the amount of the excess was apparent or readily ascertainable. See Turner v. Kreider, 154 Fla. 832, 19 So.2d 408 (1944); Smith v. Jackson County, 134 Fla. 354, 183 So. 738 (1938); Price v. Jordan, Fla.App.1959, 115 So.2d 444; Kovacs v. Venetian Sedan Service, Inc., Fla.App.1959, 108 So.2d 611. Therefore, we determine that the remittitur cannot stand since it is clearly an invasion of the jury’s function to decide the amount of damages; the trial judge has substituted his judgment for that of the jury as to the amount of damages.
*237 A further examination of the record reveals that the order appealed cannot stand as an order granting a new trial inasmuch as the trial judge’s determination that the jury’s verdict was based on sympathy, passion and/or prejudice is not supported by the record. Appellee’s argument in his brief has not suggested any basis for a determination of passion and prejudice. It is argued that the jury may have failed to follow the judge’s instructions at the time that he directed a verdict for the defendant as to punitive damages. We find nothing, however, in the record to support such a conclusion. Cf. Silvia v. Zayre Corporation, Fla.App.1970, 233 So.2d 856; North Dade Imported Motors, Inc. v. Brundage Motors, Inc., Fla.App.1969, 221 So.2d 170.
The order is reversed and the cause remanded with directions to reinstate the final judgment entered on the jury verdicts.
Reversed and remanded with directions.