PER CURIAM.
Upon examination’of the record on appeal and consideration of the briefs of the parties we are of the opinion that the trial judge erred in granting defendants’ motion for remittitur or, alternative, motion for new trial based upon a determination that the jury verdict was excessive. While a remittitur or a new trial may be allowed through exercise of sound discretion by the trial judge such as, for example, where a verdict awarding damages is shocking to the judicial conscience, if the record supports the award of damages it is an abuse of discretion to set aside the jury award and grant a remittitur or a new trial. See Allred v. Chittenden Pool Supply, Inc., Fla.1974, 298 So.2d 361; Clark v. Russo, Fla.App.1961, 133 So.2d 764; Wise v. Jacksonville Gas Corporation, Fla.App. 1957, 97 So.2d 704; Bach v. Miami Transit Company, Fla.App.1961, 129 So.2d 706. Our review of the record reflects sufficient evidence to demonstrate that the award bears a reasonable relationship to the amount of damages proved and the injuries sustained. Accordingly, the order granting defendants’ motion is quashed and the cause remanded to the trial court with instructions to enter a final judgment in favor of the plaintiffs in accordance with the jury verdict.
Reversed and remanded.
WALDEN and MAGER, JJ., and TURNER, WILLIAM ROGERS, Associate Judge, concur.