GLICKSTEIN, J.,
dissenting.
This case, like most civil disputes, is over money.
The plaintiff is an engineer with a specialty in wetlands development; and his living, in part, is derived from his technical knowledge and, one may assume, his credibility with those involved in the issuance of permits necessary to develop such property. The defendants are a handful of knowledgeable investors who bought property in Indian River County for about $375,000, hoped to develop it; and after obtaining the Dredge and Fill Permit required to do so, through the efforts of the plaintiff, sold the property for over $1,500,-000.
The dispute is over what the investors should pay the plaintiff for his services. The jury believed the plaintiffs version of this matter and awarded him $70,000 after his lawyer asked for $100,000. The defendants, having agreed in closing argument that the plaintiff was entitled only to $15,-000 to $20,000, have convinced the trial judge and the majority of the panel of this court that a remittitur to the figure suggested by the defendants was proper. The trial court’s order tracks the defendants' theretofore unsuccessful theories of the case.[1]
*43 As Professor Robert Mann has pointed out, it is not the function of the trial court to become the seventh juror. I would only add nor is it for the appellate court to become the eighth, ninth and tenth. His opinion, while sitting with the Supreme Court of Florida as an assigned judge of the district court of appeal, said in Laskey v. Smith, 239 So.2d 13, 14 (Fla.1970):
A jury’s determination of damage is reviewable by the trial judge on precisely the same principles as govern his superintendence of determinations of liability. Mr. Justice Drew stated them clearly in Hodge v. Jacksonville Terminal Company, Fla., 234 So.2d 645, opinion filed April 22,1970. The record must affirmatively show the impropriety of the verdict or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.
In other words, the trial judge does not sit as a seventh juror with veto power. His setting aside a verdict must be supported by the record, as in Cloud v. Fallis, Fla.1959, 110 So.2d 669, or by findings reasonably amenable to judicial review. Not every verdict which raises a judicial eyebrow should shock the judicial conscience.
See also Vadala v. Adams, 301 So.2d 144 (Fla. 4th DCA 1974).
It can be said here that if one would exclude all of the plaintiffs case, then the trial court’s order would be correct. The plaintiff’s case is the flip side of the defendants’, which is the reason for jury trials. The defendants, throughout the trial, contended that the plaintiff did only what his original written contract required him to do; therefore he should not receive more than that for which he originally bargained. There is ample authority for the defendants’ theory; however, as Professor Corbin has said in 1A Corbin, Contracts § 171 (1963):
It ... is no longer so well settled that a court must apply it though the heavens fall.
The reference is to the frequently stated rule that a promise to render a preexisting duty may not be a sufficient consideration for a return promise.
The plaintiff testified here that the parties’ written contract came to an end when the defendants were notified by the state of its intent to deny the application for a Dredge and Fill Permit. Without quoting the plaintiff’s testimony — first when called by his counsel, then later called as an adverse witness by the defense-r-he contended throughout that as a result of the half-day meeting among him and the investors, he agreed to proceed with the understanding that he would receive a share of the increased value of the property were he successful in obtaining the permit and nothing if he failed. It was up to the jury to believe the plaintiff’s version that the written contract had come to an end; and that there was either an oral contract or an implied contract thereafter. In the alternative, they could have accepted the defendant’s argument. There was expert testimony, as well as that of the plaintiff, that the value of his services was $100,000. The plaintiff’s counsel argued that, on the basis of hard time alone, the plaintiff was entitled to $38,000.

. THIS CAUSE came on for hearing on Defendants' above-mentioned motions. The Court heard argument of counsel for the respective parties.
Upon consideration thereof and of all of the evidence, the Court finds that the verdict rendered is contrary to the manifest weight of the evidence in that the manifest weight of the evidence clearly shows that the Defendants never accepted or entered into the alleged oral contract or modified contract. Further the manifest weight of the evidence shows that the services rendered by the Plaintiff for the Defendants were the identical services which the Plaintiff agreed to render for the Defendants for an expressed definite consideration in the written contracts knowingly and understandably entered into between the parties. Under such circumstances the law will not permit a recovery on an implied contract basis. See 11 FlaJur2d, Page 295-Contracts, Sec. 3, note 26 and authorities cited. And further the manifest weight of the evidence shows that the alleged oral contract between the Plaintiff and the Defendants is invalid due to the fact that there was no meeting of the minds of the parties to the alleged oral contract; there was a total lack of any consideration for the alleged oral contract; and the alleged oral contract was completely indefinite as to the interest the Plaintiff was to receive in the profitability or enhanced value of undertaking or equity in Defendants' property.
Defendants’ attorney, in his opening statement to the jury, announced that the Defendants admitted that they owed the Plaintiff something. The evidence shows and in his final argument to the jury, the Defendants’ attorney stated and admitted that the Defendants owed the Plaintiff the balance of $14,375.00 under the written contract between the parties. All permits which the Plaintiff agreed to obtain for the Defendants were in hand and delivered to the Defendants by May 15, 1981.
The Court finds that the jury's verdict for $70,-000.00 is contrary to the manifest weight of the evidence. However, the Court further finds that upon the evidence introduced at the trial, upon the admissions of the Defendants made through *43 their counsel during the trial and on the pleadings, the Court should enter a Final Judgment (there having been a transfer of lien to security pursuant to Sec. 713.24 F.S.) under Counts I and V of the Amended Complaint for the Plaintiff against the Defendants in the sum of $14,375.00, with interest from 5/15/81 to date of judgment, in the sum of $5,232.61, an attorneys fee for Plaintiffs attorney in the sum of $8,250.00, which fee the Court finds to be a reasonable fee to be allowed for his services herein, and costs in the sum of $5,599.11, and dismissing Counts II, III, and IV of the Amended Complaint and Defendants/Counter-plaintiffs Counterclaim against Robert M. Snyder, individually and the plaintiff, as Counter-defendants, and granting a remittitur for the sum of $55,625.00 (the difference between the verdict for $70,000.00 and the $14,375.00 admitted to be remaining unpaid pursuant to the contract) and granting Plaintiff thirty (30) days from the date of such Final Judgment within which to accept or reject such remittitur and if the Plaintiff rejects said remit-titur or fails to accept or reject same within the thirty (30) day period, awarding Plaintiff a new trial.