591 So.2d 1125 (1992)
CITY OF HOMESTEAD and Edward Palmer, Appellants,
v.
Yris SUAREZ and Antonio Suarez, Appellees.
No. 90-2195.
District Court of Appeal of Florida, Third District.
January 7, 1992.
*1126 Magill & Lewis and R. Fred Lewis, Miami, for appellants.
Arnaldo J. Suri, Miami, for appellees.
Before HUBBART, COPE and GERSTEN, JJ.
PER CURIAM.
This is an appeal by the defendants City of Homestead and Edward Palmer from a final judgment entered upon an adverse jury verdict in an action for false arrest/imprisonment and assault and battery arising out of a police-citizen encounter. We affirm.
First, we reject the defendant's central point on appeal that the defendant Palmer had probable cause to arrest the plaintiff Yris Suarez for various offenses, including eluding a police officer, and that, accordingly, the trial court erred in denying the defendants' respective motions for a directed verdict. We conclude that, even if the arrest was valid, this would not justify the arguably excessive force used by Palmer to effect the arrest  and, accordingly, (a) a jury question was presented on the assault and battery count, and (b) the general jury verdict returned for the plaintiff on both the assault and battery and false arrest counts is sustainable based on the "two issue" rule. See First Interstate Dev. Corp. v. Ablanedo, 511 So.2d 536, 538 (Fla. 1987); Whitman v. Castlewood Int'l Corp., 383 So.2d 618 (Fla. 1980); Rety v. Green, 546 So.2d 410, 424 (Fla. 3d DCA), rev. denied, 553 So.2d 1165, 1166 (Fla. 1989).
Second, we find no merit in the defendants' point on appeal that the $30,000 damage award was excessive based on the evidence adduced at trial. To the contrary, the award was well within the reasonable range of a damage award given the physical and mental impairment, the pain and suffering, and humiliation suffered by the plaintiff in this case  after she was kneed in the back by Palmer, handcuffed, taken to jail, and forced to take off her clothes and be confined in a dirty jail cell for three hours before being bailed out by her husband, following which she suffered severe psychological depressive symptoms. See City of Jacksonville v. Alexander, 487 So.2d 1144, 1146-47 (Fla. 1st DCA 1986); City of Miami v. Swift, 481 So.2d 26, 27 (Fla. 3d DCA 1985), rev. denied, 491 So.2d 278 (Fla. 1986); Blair v. Chrysler Credit Corp., 260 So.2d 236 (Fla. 3d DCA 1972).
Affirmed.