68 So.2d 362 (1953)
McCALL
v.
SHERBILL.
Supreme Court of Florida, Division A.
September 4, 1953.
Rehearing Denied October 1, 1953.
*363 R.J. Marshall, Palmetto, for appellant.
Dewey A. Dye and Dye & Dye, Bradenton, for appellee.
MATHEWS, Justice.
This suit is for damages for breach of a contract with reference to hauling water-melons. The verdict was entered for the appellant for the sum of $2,000. On a motion for new trial, by the appellee, which contained the following ground: "6. Evidence as to damages in behalf of Plaintiff was so uncertain, speculative, remote, contingent and inconclusive as not to support or justify the verdict rendered," the Court made an order reading, in part, as follows:
"* * * the Court finding that the Jury verdict for Plaintiff was supported by the evidence, but that the evidence as to the amount of damages was so uncertain, speculative, remote, contingent and inconclusive as not to support or justify the verdict rendered, and further the Court being advised in the premises.
"It is ordered, adjudged and decreed that a new trial based on grounds numbered 1 to 5 inclusive of Defendant's Motion for New Trial be and the same hereby is denied and said grounds held for naught, and
"It is further ordered, adjudged and decreed that Defendant's ground number 6 for a new trial be and the same hereby is sustained, and a new trial be and the same hereby is granted on the issue of the amount of damages, and to that extent a new trial is granted for the purpose of resubmitting the cause to a Jury to determine the amount of recovery in behalf of Plaintiff."
The only question presented is the correctness of the order of the trial judge in granting a new trial upon ground number 6 of the motion for new trial hereinabove quoted in full.
The contract between the parties was oral. There were some conflicts as to the terms of the contract but these conflicts were settled by the jury and as to that part of the verdict, the same has been approved by the Circuit Judge. It is certain that the appellee hired the appellant and agreed to pay him $10 per load for each load of watermelons sent out by the appellee. The appellant also claimed that the contract provided for reimbursement of all expenses of his truck while in appellee's employment. It was alleged that after the parties agreed to the terms of the contract, appellant went to work for the appellee and was paid the $60 per week expense money but that appellee failed to pay the appellant the sum of $10 per load for 200 loads of watermelons during the season, except for six loads. The real dispute is concerning the number of loads.
The contract is certain and definite that there should be paid $10 for each load. Neither of the parties kept any accurate records of the number of loads and at the trial, it is shown, that they depended upon *364 their memories. The appellant testified in his own behalf and was asked the following question:
"Q. How many loads did Mr. Sherbill ship out during the 1949 watermelon season while you were in his employment?"
and gave the following answer:
"A. I could safely say 200 loads went out, but if Mr. Sherbill's bills are right it will show 300 loads in the buying season because we got every truck we could get down the road to haul them."
When the appellee was on the witness stand, the following questions were asked and answers given:
"Q. He has stated that you sent out two or three hundred loads of watermelons in a season. State whether or not you did. A. I didn't send out two or three hundred. We never did at any season.
"Q. How many did you send out exclusive of the ones  A. It was around 50 loads."
The jury had before it the direct testimony of the appellant that he could safely say 200 loads went out, and the testimony of the appellee that it was around 50 loads.
Although the testimony of the parties to the contract was conflicting, it was not so uncertain, speculative, remote, contingent and inconclusive as not to support or justify the verdict upon the issues as made for $2,000.
There was no uncertainty that under the terms of the contract $10 would be paid for each load sent out. The only thing uncertain was the number of loads.
There are many types of cases in which the damages may be certain, but the amount of damage may be uncertain. However, such uncertainty will not necessarily preclude recovery.
The instant case did not involve future damages or loss of future earnings but it involved the sole question of the amount of actual damages already sustained.
In the case of Rynveld v. Dupuis, 5 Cir., 39 F.2d 399, the Court held that damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient that there be a reasonable basis of computation although the result may be only approximate.
There is a clear distinction between the measure of proof necessary to establish the fact that plainiff has sustained some damage and the measure of proof necessary to enable the jury to fix the amount of damages. 15 Am.Jur. 414, sec. 23. In this case we are not concerned with the question of whether or not there was damage. That question has been settled by the verdict of the jury and approved by the Circuit Judge.
In this case the appellee was a witness in his own behalf. If he had any records as to the number of loads, he had an opportunity to produce such records. Instead of that he relied upon his own memory and testifying from memory denied the testimony of the appellant, where the appellant testified that he could safely say 200 loads, and the appellee said about 50 loads.
Credibility of the witnesses was a jury question. There was sufficient testimony upon which the jury could fix and determine the amount of damages. The testimony as to damages was not so uncertain, speculative, remote, contingent and inconclusive that it could not support or justify the verdict rendered.
The case should be, and is hereby, reversed, with directions to set aside the order granting a new trial, and for entry of final judgment in accordance with this opinion.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.