PIERCE, Chief Judge.
Appellant Elizabeth Reitano, a/k/a Elizabeth Reitano Spurlock, appeals a final judgment granting foreclosure of the mechanic’s lien filed by appellee Peninsular Building Supply Company, and denying Reitano’s counterclaim.
Reitano and Peninsular had entered into a contract to repair the roof on Reitano’s house. Reitano made the initial payment of $1,500.00 and shortly thereafter Peninsular removed the old roof, ceiling, fixtures, and electrical wiring from the house. The property was left uncovered for over a week, during which time it rained. At Reitano’s request, Peninsular’s agents covered the house with Visqueen plastic in order to protect it from water damage.
After the framing and sheathing had been completed, Peninsular’s President presented Reitano with a bill for the second payment called for under the contract, and Reitano informed him that she would make no further payments under the contract until she talked with her attorney on the basis that her property had been damaged by a rainstorm while it was uncovered. Peninsular took its men off the job on January 2, 1970. Reitano permitted her property to remain in this condition for several months.
Peninsular filed its complaint seeking to foreclose a mechanic’s lien. Reitano filed her counterclaim alleging breach of contract and negligent construction of the improvements.
Peninsular’s President testified that the cost to finish the job was $475.00. Reitano introduced two estimates from another contractor of the cost to complete the work, repair the water damage, and do some additional work, but the contractor could not determine the cost of repairs for water damage to any individual item and was unable to specify the costs attributable to contract and non-contract items. Rei-tano elected to complete the repairs herself and did not engage the services of the contractor. She also attempted to introduce into evidence the exact dollar amount of the cost she incurred in repairing the damaged property and in completing the repair work, but the trial Court refused to accept this evidence without a predicate of expert testimony that the bills were comparable on prices for the items and labor. The Court also stated that the denial was predicated upon the fact that Reitano had already admitted other evidence of the cost of completing the contract. Reitano testified that the water damage to the furniture and furnishings amounted to $1,195.00.
There was conflicting testimony as to the extent of the repairs agreed upon. Reitano contends that the contract did not call for the removal of the ceiling and electrical wiring, while Peninsular maintains that this was discussed before the contract was prepared and that the removal of such items was necessary in order to repair the roof as agreed upon.
The trial Judge made specific findings that the allegations contained in the complaint had been proven by competent evidence. He also denied Reitano’s counterclaim, finding that some damage had occurred to her property as a result of Peninsular’s actions, but that there was insufficient competent and substantial evidence to ascertain the extent of said damages without speculation. He further found that the principal amount of the lien was $2,191.00, awarded Peninsular court costs in the amount of $147.20, and attorney’s fee in the amount of $1,000.00, and allowed foreclosure.
Uncertainty as to the amount of the damage will not prevent recovery. It is sufficient that there be a reasonable basis of computation although the result may be only approximate. McCall v. Sherbill, Fla.1953, 68 So.2d 362. As stated in Twyman v. Roell, 1936, 123 Fla. 2, 166 So. 215, 218:
“The uncertainty which defeats recovery in such cases has reference to the cause *712 of the damage rather than to the amount of it. If from proximate estimates of witnesses a satisfactory conclusion can be reached, it is sufficient if there is such certainty as satisfies the mind of a prudent and impartial person (citation omitted).”
In the case sub judice there was uncertainty as to the cause of the damage. Reitano testified that she discovered water damage to her property after Peninsular took its men off the job, but Peninsular contradicted this testimony, stating that after the rain the condition of the property was substantially the same as it was before the rain. The estimates introduced into evidence by Reitano did not show that the proposed work was necessary or related to water damage, and the person who made the estimate, dated January 8, 1970, testified on cross-examination that he could not say what the status of the water condition was as of that date. Reitano permitted the property as well as the furnishings to remain exposed to the elements for months after January 2, 1970. The house was old and the roof leaked prior to the date of the contract. There was no yardstick for determining how much of the damages to the house or the furnishings could be attributable to Peninsular, nor was there a reasonable basis of computing the damages. Equitable Fire & M. Ins. Co. v. Tiernan Building Corp., Fla.App.1966, 190 So.2d 197, and cases cited. Cf. McCall, supra; Twyman, supra.
Reitano claims that she should have been permitted to introduce into evidence the itemized statements for labor and materials paid by her to complete the contract and repair the water damage to her property. She cites R. K. Cooper Builders, Inc. v. Free-Lock Ceilings, Inc., Fla.App.1969, 219 So.2d 87, for the rule that the proper measure of damages for failure to complete work provided in the contract is the actual expenditures, made in good faith, that are necessary to complete the job. But this rule does not apply where the owner terminates the contract without a legally sufficient reason therefor or prevents the contractor from completing the contract. In such situations the measure of damages is generally the reasonable cost of making the work performed conform to the contract. Ray v. Dock and Marine Construction, Inc., Fla.App.1966, 183 So.2d 237; 17A C.J.S. Contracts §§ 469 and 512; 25 C.J.S. Damages § 75. Also, the repairs for the water damage were made after the property had remained exposed to the elements many months, and the cost of these repairs would not have reflected the cost of repairing the damage immediately after the contract was terminated.
The testimony as to whether the contract called for removing the ceiling and electrical wiring, and also the amount required to complete the contract was in conflict. Absent a showing that the Court’s finding was unsupported by sufficient evidence, this Court will not disturb the finding of the lower Court. Cormier v. Williams, 1941, 148 Fla. 201, 4 So.2d 525; Clausi v. Casner Motors, Fla.App.1959, 112 So.2d 587.
Neither do we find that the Court erred in awarding Peninsular an attorney’s fee of $1,000.00. Reitano has failed to show that the same was unreasonable or excessive.
Affirmed.
McNULTY, J„ and BEASLEY, THOMAS D., Associate Judge, concur.