BOARDMAN, Judge.
Appellants/defendants take this appeal from an adverse final judgment in the amount of $25,000 entered in favor of appellee/plaintiff pursuant to a jury verdict. The appellants have raised five points on appeal seeking to have this court reverse the judgment or, in the alternative, remand for a new trial.
*286 Appellants were the owners of a parcel of real property and improvements, including a main dwelling house, a garage with a small house attached to it, and a boathouse. Appellee entered into a contract for sale and purchase of that property with appellants on April 15, 1970. Paragraph 16 of the contract, entitled TERMITE PROVISIONS, provided that:
. Seller shall furnish to buyer prior to closing a written statement of a licensed and bonded termite company showing whether there is an active live termite infestation in the improvements of said property, and the Seller shall pay all costs of the treatment required to remedy any such infestation so reported including the cost of repairing or replacing all portions of said improvements which have been damaged structurally.
Before the closing, May 7, 1970, appellee was presented with a termite control contract and service agreement that had been executed between appellants and Astro Pest Control. It provided, among other things, that a $500 charge had been paid by appellants and that Astro guaranteed its work for one year. Appellee had the option to extend the contract by an annual payment of $50.
In August and September, 1970, evidence of structural damage and live termite infestation in the main house was reported to the appellee by workmen who were remodeling the dwelling. We are concerned here with only the main house. In September, 1970, Astro, at the request of appel-lee, treated the house. In May, 1971, this suit was brought for breach of contract by failure of appellant to comply with Paragraph 16 and fraudulent misrepresentation of the condition of the property. Astro Pest Control was also joined as a defendant. In March, 1973, a second pest control company, Orkin, inspected the property and determined that at this time there was no live termite infestation. Trial commenced April 21, 1975.
At trial the Orkin inspector testified that between 25 to 35 per cent of the house as a whole and 75 per cent of the under-structure were damaged. Said inspector, a real estate appraiser and a contractor, who were called as witnesses for appellee, could not testify with certainty as to when the damage had occurred.
Appellants have raised five points on appeal. We hold that the record supports a denial of appellants’ motion for a directed verdict and that the instruction on agency was proper and correct. Although two other points may be meritorious, they were not preserved at trial and, therefore, cannot be considered by this court. See 2 Fla.Jur., Appeals, § 66; Palmer v. Thomas, Fla.App.1st, 1973, 284 So.2d 709. Only the issue of damages is treated here.
Appellants contend that the evidence introduced was insufficient to afford the jury a reasonable basis to determine the amount of damages. We agree. The ap-pellee failed to introduce proof of the extent of structural damage at a reasonable time after the discovery of termites. According to the evidence, he did not fully inspect the house until March, 1973, well after the time live termites were first discovered.
This court has held in considering similar factual circumstances that where there is uncertainty as to at which of several points in time damage occurred, there is “no yardstick” for determining how much of the damage is attributable to the acts of each party. See Reitano v. Peninsular Building Supply Co., Fla.App.2d, 262 So.2d 710. In the situation presented here, we hold that appellants are not liable for damage which resulted to the house after a reasonable time following the discovery of the termites. The appellee has the burden of proving his cause of action by showing his damages. The appellee has failed to establish by a preponderance of the evidence his damages at a reasonable *287 time after the live termite infestation was discovered in September, 1970.
This cause is remanded to the trial court for a jury trial on the issue of damages.
REVERSED and REMANDED for new trial consistent with this opinion.
McNULTY, C. J., and HOBSON, J., concur.