MILLS, Acting Chief Judge.
This appeal is from a final judgment awarding McLain One Dollar in damages. McLain’s action against DAPS Discount Auto Parts Store, Inc. (DAPS), a Florida *1232 corporation, was based on an Alabama judgment McLain obtained against Discount Auto Parts, Inc. (Discount), an Alabama corporation. McLain sought to have DAPS held liable for the Alabama judgment on the theory that DAPS was the “alter ego” of Discount. Alternatively, McLain sought to hold DAPS liable for the value of merchandise which had been fraudulently transferred from Discount to DAPS.
A jury trial was held and after all the evidence had been presented, the trial court instructed the jury on both the “alter ego” theory and the fraudulent transfer theory but further instructed the jury that if it found for McLain it could award only nominal damages. The jury’s first verdict of $7,500 was not accepted by the court, and after further instruction the jury returned a verdict of One Dollar. Judgment was entered and this appeal ensued. DAPS filed cross-assignments of error.
McLain contends that the court erred in instructing the jury that it could award only nominal damages if it found for him. We agree. One of the theories submitted to the jury was that DAPS was the “alter ego” of Discount. If a corporation is found to be the “alter ego” of another corporation, the separate corporate identities are disregarded and the two corporations are considered as one entity. Thus, the jury should have been instructed that if it found for McLain on the “alter ego” theory, its verdict must be for $100,000, the amount of the Alabama judgment, plus interest. However, it is not clear from the verdict that the jury based its decision on the “alter ego” theory. The jury was also instructed that if it determined that DAPS was not the “alter ego” of Discount, it should decide whether “assets were transferred from the Alabama corporation to the Florida corporation without consideration in an attempt to evade the claim of the plaintiff against the Alabama corporation. . . "
McLain contends that there was sufficient evidence from which the jury could determine the amount of damages resulting from the fraudulent transfer of assets. The only evidence of a fraudulent transfer of assets was that in 1966, while McLain’s suit was pending in the Alabama courts, all the assets of Discount and another corporation, Automotive Engine Warehouse, were moved out of the State of Alabama. Although there was conflicting testimony as to where the merchandise was taken, there was testimony indicating that eight to ten percent was sent to DAPS in Pensacola. Further, there was testimony that at the time of the transfer Discount had five retail stores in Mobile, that the small stores carried stock of Seven or Eight Thousand Dollars and that the two bigger stores had stock worth Fifteen to Twenty Thousand Dollars. Thus, the jury could have found that at a minimum Discount transferred Fifty-one Thousand Dollars worth of assets out of the State of Alabama and that eight to ten percent of those assets went to DAPS. In McCall v. Sherbill, 68 So.2d 362, 364 (Fla.1953), the Supreme Court stated:
“There are many types of cases in which damages may be certain, but the amount of damage may be uncertain. However, such uncertainty will not necessarily preclude recovery.
[[Image here]]
“ . . . [Djamages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient that there be a reasonable basis of computation although the result may be only approximate.”
The other points raised by the parties on appeal concern the court’s refusal to give certain instructions requested by McLain or Discount. McLain contends that the jury should have been instructed that it could consider records kept by DAPS regarding debts owed by DAPS to Discount in order to determine the value of assets transferred from Discount to DAPS. The trial judge properly refused to give this instruction since there were no records indicating a debt to Discount. The only testimony on this issue concerned a possible debt from DAPS to Automotive Engine Warehouse. Although McLain urges that the distinction between Discount and Automotive Engine Warehouse should be ignored on the theory that Discount was the “alter ego” of Automotive Engine Warehouse, this *1233 theory was not alleged in the pleadings and was not presented to the jury.
DAPS also urges that several of the instructions it requested should have been given. The instruction that “ . separate businesses under separate management cannot be disregarded because one corporation borrows money from another . ”, was properly refused since there was no evidence of either DAPS or Discount borrowing money from the other. DAPS requested instruction on the elements of fraud was inapplicable and properly not given. The requested instruction that “Every reasonable presumption must be indulged in favor of the validity and propriety of a corporation in determining whether it is a mere instrumentality of another corporation” is not supported by Florida law. Finally, instruction number four was covered by other instructions given by the court, thus it was not error for the court to refuse to give it.
Reversed and remanded for a new trial.
SMITH and ERVIN, JJ., concur.