OTT, Acting Chief Judge.
Petitioner claimed a refund of the .state income taxes it paid for 1973. After administrative proceedings, the hearing offi-' cer recommended allowance of a portion of petitioner’s claim and the scheduling of a further hearing to determine the precise amount of the refund. The Department rejected that recommendation and denied the entire claim on the ground that it would not tolerate such a bifurcated hearing. We disagree and vacate the order with instructions to the Department to follow the recommendations of the hearing officer.
Petitioner’s various theories as to why it was entitled to refund of the entire $620,-000 it paid the State of Florida as income tax for 1973 ultimately came down to an assertion that taxes had been mistakenly paid on income which had been realized before Florida’s income tax law became effective. Therefore, it was not subject to taxation. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla.1978).
We think the hearing officer had ample basis to reject petitioner’s claims based upon its accelerated depreciation and capital outlay expense practices. Neither determines nor affects the date on which income is earned or received, which we believe to be the primary consideration for determining whether or not the income was taxable.
*1194 Petitioner clearly established that a portion of the taxable income shown on its original return for 1973 was attributable to gains realized when petitioner purchased, at discount, its own bonds prior to maturity. Since such purchases occurred prior to the effective date of Florida’s corporate income tax, the hearing officer determined that those gains were not taxable.
Actually, the Department does not dispute the foregoing conclusions or determinations of the hearing officer or that petitioner actually paid too much tax for 1973. Rather, the Department’s sole point is a procedural matter. It says that petitioner was only allowed one opportunity to prove both entitlement and amount. Since it failed to prove the exact refund due there is no “second time around.” We concede that in some instances, notably damage claims, the failure of a plaintiff to prove both entitlement to and amount of damages will compel entry of an adverse judgment. McCall v. Sherbill, 68 So.2d 362 (Fla.1953). We find nothing objectionable, however, in the procedure followed by the hearing officer in this case.
The hearing officer was faced with a claim for the refund of all tax paid, based on multiple allegations of events and practices that created overlapping and intertwining consequences in the taxability of petitioner’s reported earnings. It seems to us that he understandably devoted himself first to the task of sorting out the merit or entitlement, if any, of the various claims, leaving until later the question of the amount of any refund found to be due. It was an abuse of discretion for the Department to abruptly terminate the proceedings by an order interposing ex post facto ground rules and declaring petitioner in default thereof.
The order of the Department is vacated and this matter is remanded for continuation of the procedure established by the hearing officer.
RYDER and DANAHY, JJ., concur.