WENTWORTH, Judge.
Appellant Hutchison, plaintiff below, seeks review of a judgment entered upon directed verdict in favor of appellee/defen-dant Bilodeau after a jury verdict in favor of appellant. Because we find that there was sufficient evidence offered at trial upon which the jury could legally render a verdict for appellant, we reverse.
Appellee purchased an older house and moved it to a new location for renovation in 1981. When the house was situated on its new lot, it was placed over the stump of a pine tree which had been cut down in order to accommodate the structure. Renovation was finished in mid-1982, and appellee rented the house to some individuals who inhabited the structure until May 1983. Upon moving out of the house, those tenants informed appellee that they recently had seen termites in the house. Immediately after the tenants vacated the structure, appellee had a pest control company inspect and treat the house for termites. The inspector noted in his inspection report at that time that the termite damage he found in May 1983 was “severe.”
Appellant agreed to buy the house from appellee in March 1984. When the bank informed appellant that she was required to have a termite inspection before closing, she discussed this with appellee and he suggested that she not have this done because he had already had the structure inspected. Appellee testified that he informed appellant before closing that there had been a termite infestation, that he had treated the house, and that to the best of his knowledge the house was termite free at the time of sale. Appellant testified she was told that the house was only a year old, and was not informed before the sale as to the recent existence of termites or as to appellee’s treatment to eradicate them.
The sale closed, and appellant moved in. Three weeks later she became aware of termites in the house. Over the course of the next two years appellant had the house reinspected several times and retreated reinfestations by the company which had originally treated the house in mid-1983. According to the pest control company’s reports, all of the termite reinfestations observed after the initial treatment in May 1983 through the final inspection in May 1986 involved termites in a larval state, and none of the inspections ever revealed the presence of “worker” termites at the stage of development when they are capable of destroying wood. In his final inspection, the original inspector noted that the damage done by termites which he observed in the structural wood of the house was no greater in May 1986 than the damage which he had observed upon first inspecting the property in 1983. When asked about this at trial, he stated that “once termites get into wood or moisture gets into wood, just because you stop the moisture problems and the termites that day, that wood still deteriorates because it’s not as strong as it once was ... I’m not going to suggest that it didn’t weaken even more because it was already damaged ... but *306 there [were] no workers or soldiers found in any part of that house during any one of my inspections....”
Appellant had a contractor evaluate the termite damage to her home. After examining the structural wood, the contractor determined that the termite damage to the home was so extensive that the house was not worth repairing but could be removed and replaced. He estimated that replacing the home would cost a great deal more than appellant had originally paid for the house.
One of the issues at trial was whether appellee had fraudulently concealed or misrepresented material information about termite damage to the home or the presence of termites in the home. Appellee moved for a directed verdict at the close of the evidence, asserting that appellant had failed to prove the extent of her monetary damages from termite infestation within a reasonable time after she discovered termites. The trial court took appellee’s motion under advisement, and sent the case to the jury. After the jury returned a verdict in favor of appellant, the trial court requested memoranda of law on appellee’s motion and subsequently granted appel-lee's motion for a directed verdict.
Appellee argues that appellant’s evidence was insufficient to afford the jury a basis upon which to determine the amount of her monetary damages, because two years passed between the time when she bought the house and the time when her contractor estimated the cost of repairing the termite damage. Therefore, he concludes, the cause should not have been presented to the jury for its determination. Appellee relies upon Meece v. Hogue, 334 So.2d 285 (Fla. 2d DCA 1976) in support of his argument. In Meece, within three months after he purchased a home the buyer noticed the presence of live termites and extensive termite damage. Although the buyer filed suit against the seller promptly, nearly two years passed before the cause proceeded to trial. At trial, the buyer’s witnesses could not testify with any certainty as to when the damage to the house, which existed at the time of trial, had actually occurred. The appellate court determined that the buyer had thus failed to introduce proof of the extent of the structural damage to the house which had occurred within a reasonable time after the buyer discovered termites.
Contrary to appellee’s assertions, in the ease before us appellant was able to establish when the termite damage to the home occurred, and thus the extent of her monetary damages. According to both the termite inspector and appellee, termites re-infested the house after it was renovated, and before appellee sold it to appellant. The house was finished in 1982, termites reinfested the house in 1983, and appellant bought the house in 1984. The inspector testified that he inspected the termite damage during the period between mid-1983 and his last inspection in 1986, and in fact his was the only testimony presented at trial as to the extent of the termite damage done to the house during this entire period. His testimony demonstrated that the damage done by termites to the structure, which he saw as late as 1986, had already been accomplished before appellant bought the house. Appellee did not offer evidence which negates appellant’s proof of the time frame within which the currently existing damage to the house occurred. Damages are not rendered uncertain because they cannot be calculated with absolute exactness; it is sufficient that there be a reasonable basis for computing damages even if the result may be only approximate. McCall v. Sherbill, 68 So.2d 362, 364 (Fla.1953).
In deciding a motion for a directed verdict at the close of all the evidence, the trial court’s judgment is grounded on the proposition that viewing the evidence in its aspect most favorable to the party against whom the verdict is directed, it necessarily follows that such party could not be successful as a matter of law if the evidence were submitted to the jury. Furr v. Gulf Exhibition Corp., 114 So.2d 27 (Fla. 1st DCA 1959). We find that the evidence offered by appellant in the form of the termite inspector’s testimony as to the period within which the termite damage oc *307 curred and the testimony of her contractor as to the cost of replacing the damaged structure, was sufficient to establish a reasonable basis upon which the jury could render a verdict. Because there was sufficient evidence upon which the jury could legally render a verdict for appellant, a directed verdict for appellee was error. We therefore reverse and remand the cause with directions for the entry of judgment in accordance with the jury’s verdict.
ERVIN and ZEHMER, JJ., concur.