GROSS, C.J.
 

 We write to explain why Chapter 558, Florida Statutes (2007), does not preclude the assessment of damages as a set-off allowed under Florida case law where a party to a construction contract does not strictly comply with a provision of the statute.
 

 Sean and Georgia Hebden entered into a contract with Roy A. Kunnemann Construction, Inc. for the construction of a single family home for $220,459.
 

 A disagreement arose over the quality of the construction. The Hebdens withheld the last draw payment of $44,494. The contractor sued to foreclose its construction lien and for breach of contract. The Hebdens counterclaimed and contended that the contractor’s work was defective and incomplete. After a non-jury trial, the judge found that the contractor had substantially performed and that the Hebdens were not justified in withholding the final payment. The court ruled that the Heb-dens had improperly prevented the contractor from making certain repairs; the judge gave them a set-off of $5,035 under
 
 Reitano v. Peninsular Building Supply Co.,
 
 262 So.2d 710, 712 (Fla. 2d DCA 1972), which held that “where the owner terminates the contract without a legally sufficient reason therefor or prevents the contractor from completing the contract ... the measure of [the owner’s] damages is generally the reasonable cost of making the work performed conform to the contract.” The court entered judgment against the Hebdens for $39,459 plus prejudgment interest.
 

 Chapter 558 applies to actions involving a “construction defect,” a term defined in section 558.002(4). As property owners, the Hebdens were “claimants” under section 558.002(3). Section 558.003 states that a “claimant may not file an action subject to this chapter without first complying with the requirements of this chapter.” If a claimant files a lawsuit “without first complying with the requirements” of
 
 *419
 
 Chapter 558, a court “shall abate the action, without prejudice” upon a timely motion by a party and “the action may not proceed until the claimant has complied with such requirements.” § 558.003, Fla. Stat. (2007).
 

 Compliance with the Act means compliance with certain presuit procedures, an “alternative dispute resolution mechanism” intended to “reduce the need for litigation as well as protect the rights of property owners.” § 558.001, Fla. Stat. (2007).
 

 The Hebdens gave the contractor the written notice required by section 558.004. The contractor responded that it would make certain repair’s. The court found that the Hebdens “improperly denied [the contractor] access to the interior of the residence to cure the defects that [the contractor] had agreed to do.”
 

 Section 558.004(7) requires a claimant who receives a timely settlement offer to “accept or reject the offer by serving written notice of such acceptance or rejection” within 45 days after receiving the offer. If a “claimant initiates an action without first accepting or rejecting the offer, the court shall abate the action upon timely motion” until the claimant complies with the subsection by either accepting or rejecting the contractor’s offer.
 
 Id.
 

 If a claimant accepts a settlement offer to repair, the claimant must provide the offeror “reasonable access to the claimant’s property during normal working hours to perform the repair.” § 558.004(8), Fla. Stat. (2007). The statute does not say what happens when a claimant rejects an offer to settle. The statute should be read to provide the same remedy to a claimant who rejects an offer to settle as it does when a contractor refuses to settle in response to a notice of claim — “the claimant may, without further notice, proceed with an action against [the contractor] for the claim described in the notice of claim.” § 558.004(6), Fla. Stat. (2007).
 

 Chapter 558 encourages settlement by providing a procedure to lead the parties to the waters of compromise; it does not make them drink. The one remedy specified for noncompliance with the statute is abatement, upon a timely motion, until the offending party complies with the statutory procedures.
 
 See
 
 §§ 558.003, 558.004(7), Fla. Stat. (2007). The statute does not forfeit substantive rights as a penalty for noncomplianee; it is expressly limited in scope. Section 558.004(12) provides:
 

 (12) This chapter does not:
 

 (a) Bar or limit any rights, including the right of specific performance to the extent such right would be available in the absence of this chapter, any causes of action, or any theories on which liability may be based, except as specifically provided in this chapter;
 

 (b) Bar or limit any defense, or create any new defense, except as specifically provided in this chapter; or
 

 (c) Create any new rights, causes of action, or theories on which liability may be based.
 

 This section means that a claimant does not lose a right of recovery or defense allowed under Florida case law, such as that set forth in
 
 Reitano.
 

 The Hebdens’ failure to allow access was tantamount to a rejection of the contractor’s settlement offer. The contractor did not move to abate the action to require the Hebdens to comply with section 558.004(7) by rejecting the offer in writing. The Hebdens’ failure to strictly comply with Chapter 558 did not forfeit their right to seek the offset damages allowed under
 
 Reitano.
 
 Based on its findings of fact, the trial court correctly allowed the set-off in this case.
 

 
 *420
 
 We have considered the other points on appeal and find no error.
 

 Affirmed.
 

 FARMER and DAMOORGIAN, JJ., concur.