McNULTY, Judge.
Plaintiff-appellant, a realty firm, sued in two counts to recover a real estate commission. Count one alleged employment by appellees and appellant’s performance by being the procuring cause of a subsequent sale. Count two alleged a special contract of employment but was dismissed with prejudice as not stating a cause of action. This appeal ensued upon stipulation of the parties that trial on count one would be held in abeyance abiding the outcome hereof. We reverse.
The pertinent portions of the dismissed count two are as follows:
“12. ... It was orally contracted and agreed between the parties that the Defendants would give the Plaintiff a listing of said property and that the Plaintiff in turn would advertise the sale of the property, would show the property to prospective purchasers and that, if the property was shown to a prospective buyer by the Plaintiff and the prospective buyer later purchased the property either through the Defendants directly or through any other relator, the Plaintiff would have earned its commission.
‡ í}c jfc ‡
14. Pursuant to this oral contract, the Plaintiff showed the property to D. M. Burns who subsequently purchased the property through another realtor. The Plaintiff has subsequently demanded that said commission be paid and at all times the Defendants have failed and refused to do so. . ”
Appellees contend, first of all, that counts one and two seek recovery of the same commission under two diametrically opposed theories which are not alternative but rather are exclusive. We reject this contention, for even if it be said that the two counts are inconsistent or mutually exclusive (which we do not decide but seriously doubt since one may well be employed under a contract to merely find a purchaser yet still be a procuring cause of the sale), it is nonetheless proper to plead such inconsistent counts. Rule 1.110(g), R. C.P., 30 F.S.A., in fact, specifically provides that “. . .A party may . . . state as many separate claims . . . as he has, regardless of consistency . . . , and this court has frequently so held in construing such rule.[1]
*292 Secondly, appellees contend that the material allegations of the aforesaid count two constitute a “hybrid” theory of recovery of a real estate commission. They allege that count one alleges the procuring cause theory and that count two alleges neither of the other two types of brokerage contract otherwise generally recognized, i. e., a contract employing the broker to sell (instead of merely to find a purchaser ready, willing and able to buy on the terms listed), or a contract giving the broker the “exclusive” right to sell or find a purchaser. They assume, apparently, that unless one of the three usual forms of employment contract is entered into brokerage cannot be recovered. They are wrong. There is nothing in the law which prohibits a special or unusual brokerage contract between a seller and a broker; and as long as it is not illegal or otherwise contrary to public policy the parties to a brokerage contract may agree as they see fit with respect to when brokerage is earned.[2]
Here, assuming the allegations of count two to be true, as we must do in the present posture of the case, the parties agreed that the brokerage would be payable to the broker, (a) if the sale of the property was advertised, (b) if the broker showed the property to a prospective purchaser and (c) if thereafter such purchaser ultimately purchased the property either through appellees directly or through another realtor. There is nothing illegal or against public policy in such an agreement and if the seller agrees, and the conditions are met, he is liable for commission.
True it is that the contract as thus alleged may well differ in some particulars from a classic “exclusive” brokerage contract. For example, it provides that the commission is to be earned only if the broker had shown the property to the ultimate buyer and, further, had theretofore undertaken to advertise the sale of the property; whereas under the pure “exclusive” contract either or both of these conditions, though contemplated, may not be required. But, if anything, the contract here alleged imposes greater duties on the broker than some “exclusive” contracts and, if performed, a fortiori should permit of recovery. Additionally, the contract as alleged does not require either that the ultimate purchaser be initially lured through the advertising aforesaid or that the appellant broker be the first one to show the property to such purchaser. But again, neither condition is essential to the enforceability of such a contract, though perhaps the absence thereof is unusual or is amenable to further explanation at trial. We think the contract is binding and that there is sufficient quid pro quo.[3]
In view of the foregoing, therefore, we hold that count two states a cause of action, whether consistent or not with the allegations in count one, and therefore should not have been dismissed.
Reversed.
PIERCE, C. J., and HOBSON, J., concur.

. See, e. g., Vann v. Hobbs (Fla.App.1967), 197 So.2d 43 and Arcade Steam Laundry v. Bass (Fla.App.1964), 159 So.2d 915.

. See, 5 Fla.Jur., Brokers, § 15, et seq., and, also, 12 Am.Jur.2d, Brokers, §§ 30-37, and § 65.

. Cf., Flynn v. McGinty (Fla.1952), 61 So.2d 318.