459 So.2d 408 (1984)
Robert Ryan HAMBLEY D/B/a Sunshine State Clam Co., Appellant,
v.
The State of Florida, the Department of Natural Resources, et al., Appellees.
No. AW-112.
District Court of Appeal of Florida, First District.
November 14, 1984.
Rehearing Denied December 18, 1984.
*409 Ronald H. Schnell, of Carr & Schnell, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Joseph A. Linnehan, Asst. Atty. Gen., and R. Bruce McKibben, Certified Legal Intern, Tallahassee, for appellees.
WIGGINTON, Judge.
Hambley appeals from the trial court's dismissing with prejudice counts I, III, IV and V of his third amended complaint. We have jurisdiction and affirm in part and reverse in part.
Hambley was arrested by the Florida Marine Patrol in 1978, on charges of harvesting and marketing clams in violation of rule 16B-28.09, Florida Administrative Code, and in falsifying wholesale seafood records in violation of section 370.07(5), Florida Statutes. A directed verdict of not guilty was later entered by the county court, but, in the meantime, the Department of Natural Resources, through a letter written by then Executive Director Harmon Shields, suspended Hambley's "Shucker-Packer Certificate," pursuant to rule 16B-28.07,[1] pending the outcome of the charges. The certificate remained suspended for approximately 200 days before it was reinstated by the department.
Following the directed verdict, Hambley, in 1979, filed a lawsuit in Pinellas County *410 against the department, the Florida Marine Patrol, Harmon Shields, and employees of the department and the patrol for false arrest, malicious prosecution, illegal suspension of his certificate, and negligent failure to protect personal property. On the defendants' motion, the cause was transferred to Leon County. In November, 1980, defendants' motion to dismiss the complaint was granted without prejudice.
Hambley was permitted to amend his complaint three times, each time the complaint having been dismissed pursuant to defendants' motions to dismiss.[2] Hambley's third amended complaint sets forth five counts. Count I apparently alleges malicious prosecution and was dismissed only as to the department and the patrol. We affirm. The potential liability of the department and the patrol is controlled in this action by section 768.28(9), Florida Statutes (1977), which waives the sovereign immunity of the state and its subdivisions, but only to the extent of acts of ordinary negligence. The state's sovereign immunity remains viable where it is alleged that the officer, employee, or agent of the state acted "`in bad faith or with malicious purpose ...'" District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980).[3] Since the entire thrust of Hambley's cause of action under count I is directed toward the defendants' alleged "malicious purpose," the trial court properly dismissed the count as to the state agencies.
Because count III also alleges malicious purpose, we similarly affirm the court's dismissal of that count as it relates to the department and the patrol. However, count III also names Harmon Shields as an individual defendant, alleging that Shields willfully, illegally and maliciously suspended Hambley's certificate without having afforded him an opportunity to show compliance with "lawful requirements," thereby causing him to incur damages in excess of $5,000 "from interference with the pursuit of his livelihood, substantial loss of income, and loss of his customer's confidence."[4] As far as count III alleges willful and malicious behavior against Harmon Shields, in his individual capacity as a public official, it may stand.[5]Rupp v. Bryant, 417 So.2d 658 (Fla. 1982). Consequently, the trial court erred in dismissing count III in toto.
In count IV, Hambley brought a cause of action for damages against the department and Shields under the auspices of Title 42 U.S.C. § 1983. We affirm in part and reverse in part the court's dismissal of this count. The court did not err in dismissing the count as to the department. As we recently held in Arney v. Department of Natural Resources, 448 So.2d 1041 (Fla. 1st DCA 1984),
Section 1983 only provides for suits against "persons." Florida is not a person within the meaning of § 1983 and, therefore, is not subject to a § 1983 claim for damages by way of a suit against ... an arm of state government ... [citations omitted].
Id., at 1045.
However, Shields, acting as a state official in his executive capacity to enforce *411 the law, enjoys only a qualified immunity. "Such officials are immune from liability if they reasonably believed they acted lawfully." Id. Since the order dismissed count IV as to Shields also, it must be reversed.
Finally, as the order relates to count V, we affirm. In count V, Hambley seeks a declaration from the court that the department's letter was void as "a clear and unmistable [sic], flagrant violation of Plaintiff's constitutionally protected right to due process of law ...," and that section 120.68, Florida Statutes, providing for direct appeal from final agency action, was an inadequate remedy. We agree with appellees that Hambley did not allege a cause of action for a declaratory judgment sufficient to excuse him from pursuing his administrative remedies under chapter 120. State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (Fla. 1st DCA 1982).
AFFIRMED, in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] Rule 16B-28.07 states in pertinent part:

The Division in the interest of general health ... may suspend or revoke for cause any certification issued by the Division for violation of the provisions of Chapter 381 and 386, Florida Statutes, and the rules and regulations as promulgated in this Chapter ...
[2] Hambley presently has pending a fourth amended complaint.
[3] Although in Rupp v. Bryant, 417 So.2d 658 (Fla. 1982), the supreme court held that its decision in Talmadge was "regrettably overbroad" in regard to the individual liability of the public employee, it nevertheless adhered to that portion of its decision regarding the state's immunity where malice or bad faith is alleged. 417 So.2d at 669, fn. 30; see also Willis v. Dade County School Board, 411 So.2d 245 (Fla. 3d DCA 1982).
[4] We disagree with appellees that Hambley could have pursued his remedy for his economic loss in this tort action through chapter 120, Florida's Administrative Procedure Act. Compare Winter Springs Development Corporation v. Florida Power Corporation, 402 So.2d 1225 (Fla. 5th DCA 1981).
[5] We are not, by this, holding that Hambley has set forth sufficient facts to establish willful and malicious conduct on the part of Shields. That precise issue is not now before us. But cf. Rupp v. Bryant, 417 So.2d at 669-670.