509 So.2d 968 (1987)
SEBRING UTILITIES COMMISSION, Appellant,
v.
Francis SICHER, Appellee.
No. 86-2194.
District Court of Appeal of Florida, Second District.
July 1, 1987.
*969 James F. McCollum of James F. McCollum, P.A., Sebring, for appellant.
James V. Lobozzo, Jr., of Trombley, Lobozzo & Schommer, Sebring, for appellee.
CAMPBELL, Judge.
This is an appeal from the jury verdict and resulting final judgment that awarded appellee, Francis Sicher, $3,500 compensatory damages and $15,000 punitive damages on a single-count complaint alleging that appellant, Sebring Utilities Commission, had instituted criminal proceedings against Sicher resulting in malicious prosecution. We reverse.
While we have not been furnished the entire trial record, this appeal can be determined from the pleadings and portions of the record that have been furnished.
Appellant argues two main points on this appeal. It argues first that it is protected by the doctrine of sovereign immunity as extended to municipalities and their agencies by section 768.28, Florida Statutes (1981) and, second, and more specifically, that tort actions against a municipal agency for malicious prosecution and punitive damages are expressly prohibited by sections 768.28(9)(a) and 768.28(5). We agree.
Appellee responds that appellant waived its right to claim sovereign immunity and should be estopped to claim same since he argues that appellant not only failed to raise the issue as an affirmative defense, but also failed to show that it was acting as an instrumentality or agency of a municipality.
First, we believe that appellant sufficiently raised the question of sovereign immunity. In suing a governmental entity, a plaintiff must allege in his complaint the specific methods by which the governmental entity has waived its sovereign immunity and the waiver must be clear and unequivocal. Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). In addition, this court has specifically held that governmental immunity is not an affirmative defense, but is jurisdictional and may be raised at any time. Moore v. City of St. Petersburg, 281 So.2d 549 (Fla. 2d DCA 1973), citing Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA 1971); State, Department of Highway Safety v. Kropff, 491 So.2d 1252 (Fla. 3d DCA 1986); Kirk v. Kennedy, 231 So.2d 246 (Fla. 2d DCA 1970). Therefore, we turn to the record before us.
Paragraph three of appellee's first amended complaint alleges that at all times pertinent to the lawsuit appellant was a municipal utility providing electrical power and that one of appellant's employees, acting within the scope of his employment, caused appellee to be charged with a criminal offense in Highlands County.
Appellee further alleged in paragraph five of his first amended complaint that appellant, as "an agency of the municipality of Sebring, Florida, has waived its sovereign immunity by virtue of section 768.28, Florida Statutes... ." Appellant, in its answer, admitted paragraph three of appellee's complaint and denied paragraph five. The question of sovereign immunity was thereby sufficiently raised by the pleadings.
We also find, as appellant urges, that the record contained adequate proof that appellant was acting as an instrumentality or agency of a municipality. At the close of appellee's case in chief as plaintiff below, appellant moved for a directed verdict on the grounds that section 768.28(9)(a) denied relief against an agency such as appellant for a claim based upon acts of its employees committed with malicious purpose.
Appellant further argued that under section 768.28(5), it could not be held liable for punitive damages. Appellant requested, without objection, that the trial court take judicial notice of the provisions of the charter of the City of Sebring that created appellant as a part of the government of the City of Sebring, necessary for the health, welfare and safety of the inhabitants of the City of Sebring.
Appellant, as defendant below, renewed its motion for directed verdict at the close of all the evidence and again after the verdict by means of a motion for judgment in accord with its previous motions for directed *970 verdict and, alternatively, a motion for new trial. Appellant's motions were denied. We conclude, however, that appellant's motions should have been granted. Section 768.28(2) provides that the "state agencies or subdivisions" which are the subject of section 768.28, include "municipalities; and corporations primarily acting as instrumentalities or agencies of ... municipalities."
In Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA 1981), the first district held that an electric authority operated by a city was entitled to the protective limitations of liability afforded by section 768.28 even though prior to the adoption of the statute the operation by a municipality of a proprietary entity would not have been entitled to the protection afforded by the doctrine of sovereign immunity. We agree.
Having found that appellant was acting as a municipality, we now turn to appellant's argument that an action against a municipality for compensatory damages based on malice is barred. Section 768.28(9)(a) provides that the "state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed ... with malicious purpose." See District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980). See also Rupp v. Bryant, 417 So.2d 658 (Fla. 1982). Malice is not only an essential element of malicious prosecution; it is the gist of such a cause of action. Wilson v. O'Neal, 118 So.2d 101 (Fla. 1st DCA 1960). Section 768.28(9), therefore, bars an action against "state agencies or subdivisions" based upon malicious prosecution. Hambley v. State, Department of Natural Resources, 459 So.2d 408 (Fla. 1st DCA 1984). Therefore, section 768.28(9) affirmatively bars suits against municipalities for malicious prosecution arising from the malicious acts of their employees. City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985).
Inasmuch as a municipality or its agency is not liable in an action for malicious prosecution, appellee's entire cause of action fails. However, even had this been a case in which appellant could have been liable for compensatory damages, a claim for punitive damages against a municipality will not stand. Fisher v. City of Miami, 172 So.2d 455 (Fla. 1965); § 768.28(5), Fla. Stat. (1981). "The state and its agencies and subdivisions shall be liable for tort claims ... but liability shall not include punitive damages... ." (Emphasis supplied.)
Accordingly, we reverse and vacate the final judgment and verdict for appellee and direct entry of a verdict for appellant.
DANAHY, C.J., and SCHEB, JJ., concur.