545 So.2d 932 (1989)
Bertram CRAVEN, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 88-1247.
District Court of Appeal of Florida, Third District.
May 23, 1989.
Rehearing Denied July 28, 1989.
Arthur B. Stark, Miami, for appellant.
Robert A. Ginsburg, County Atty., and Joni Armstrong Coffey, Asst. County Atty., for appellee.
Before NESBITT and FERGUSON, JJ., and HERBOTH S. RYDER, Associate Judge.
FERGUSON, Judge.
After an administrative hearing on charges of misconduct, Craven was dismissed from employment as a Project Engineer with the Dade County Public Works Department. On appeal to the Civil Service Commission the dismissal was upheld. In a recommendation to the County Manager the hearing officer, although citing an incorrect personnel rule, found that the wrongful conduct alleged was proved. The County Manager accepted the recommended findings and dismissed Craven.
*933 On appeal the circuit court reversed the County Manager's order of dismissal, holding that the hearing officer had found the employee guilty of an offense for which he was not charged, and directed that Craven be reinstated. In doing so the court also held that no due process violation had been proved. This court affirmed. Craven was reinstated to the position of Engineer I on January 25, 1985.
A dispute arose subsequently as to the amount of back pay owed. When the parties could not agree, Dade County commenced a declaratory judgment action for a judicial determination of the amount owed Craven for back wages. Craven counterclaimed for reinstatement, attorney's fees, slander, libel, and for negligent investigation of the disciplinary charges which led to his dismissal. In June, 1986, the circuit court granted Dade County a partial summary judgment on the counts for slander, libel, and negligent investigation. Craven amended the counterclaim, with leave of court, to replace the stricken counts with claims for malicious prosecution and "actionable wrong constituting tort."
This appeal is taken from a second summary judgment for Dade County, dated March 14, 1988, on the counts for reinstatement, malicious prosecution, and actionable wrong constituting tort.
We affirm for the following reasons. The claim for reinstatement is moot as Craven has acknowledged that Dade County has fully reinstated him and has commenced to pay him the salary to which he is entitled. See Friends of the Everglades, Inc. v. South Fla. Regional Planning Council, 447 So.2d 902 (Fla. 3d DCA 1984) (where, because of prior events, no relief would be afforded to appellant even if issue is decided in his favor, issue is moot). As a political subdivision of the State of Florida, Dade County is immune from liability for malicious prosecution. § 768.28(9)(a), Fla. Stat. (1987); See Sebring Utils. Comm'n v. Sicher, 509 So.2d 968 (Fla. 2d DCA 1987); City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 596 (Fla. 1986); Hambley v. State Dept. of Natural Resources, 459 So.2d 408 (Fla. 1st DCA 1984).
There is no recognized cause of action for "actionable wrong constituting tort." Further, article I, section 21 of the Florida Constitution, which guarantees access to the courts for redress of wrongs, does not create an independent civil cause of action. DeMarco v. Public Super Markets, Inc., 360 So.2d 134 (Fla. 3d DCA 1978), aff'd, 384 So.2d 1253 (Fla. 1980).
To the extent the allegations state, or could be framed to state, a cause of action for negligence or denial of due process, those causes are barred by the law of the case doctrine. The circuit court held, on Craven's appeal from the County Manager's order of dismissal, that there was no due process violation. By an unappealed partial summary judgment entered in this cause the circuit court decided, as a matter of law, that there was no proof of negligence on the part of Dade County in the events leading up to Craven's dismissal. Any question that could have been raised in an appeal of the rulings on the due process and negligence claims, as well as any question decided by implication, thereafter became barred. See Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987) (law of case principle precludes consideration of points of law which were, or should have been, adjudicated in a prior or former appeal of same case).
Affirmed.