695 So.2d 927 (1997)
Julie JOHNSON, individually, and Robin Johnson, Nicole Johnson, and Zachary Cleek, minors, by and through Julie Johnson, their next friend, mother, and natural guardian, Appellants,
v.
STATE of Florida's DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Nancy Sackett, The City Of St. Petersburg, and L.A. Clemento, Appellees.
No. 96-00666.
District Court of Appeal of Florida, Second District.
June 27, 1997.
*928 David J. Plante and Robert W. Merkle of Merkle & Magri, P.A., Tampa, for Appellants.
John E. Johnson and John F. Panzarella of Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, Professional Association, Tampa, for Appellee Department of Health and Rehabilitative Services.
Bruce A. Walkley of Walkley & Walkley, Tampa, for Appellee Nancy Sackett.
Michael S. Davis, City Attorney, and William N. Drake, Jr., Assistant City Attorney, St. Petersburg, for Appellee The City of St. Petersburg.
Joseph M. Ciarciaglino and Mark Cornelius of Ciarciaglino & Coyle, P.A., St. Petersburg, for Appellee L.A. Clemento.
PATTERSON, Judge.
Julie Johnson, individually, and as next friend of her children, Robin Johnson, Nicole Johnson, and Zachary Cleek, appeals from a final order dismissing her second amended complaint[1] in this action under 42 U.S.C. § 1983 and the Florida Tort Claims Act, section 768.28, Florida Statutes (Supp.1988), against appellees the Department of Health and Rehabilitative Services (HRS), the City of St. Petersburg (the City), Nancy Sackett (Sackett), and L.A. Clemento (Clemento). We affirm the dismissal in part and reverse in part and remand for further proceedings.
Johnson alleges six counts in her second amended complaint: (I) deprivation of constitutional rights under 42 U.S.C. § 1983 against Sackett, Clemento, and the City; (II) false arrest, seizure, and false imprisonment; (III) assault and battery; (IV) intentional infliction of emotional distress against Sackett and Clemento; (V) negligence; and (VI) malicious prosecution. This action arose from an incident in which Sackett, a protective investigator and HRS supervisor, assisted by Clemento, a police officer of the City of St. Petersburg, forcibly seized Johnson's children *929 from her on January 8, 1989, at a church where Johnson had been attending services. In a scuffle that ensued, Johnson was forcibly arrested and taken to jail. She was subsequently released and, in a hearing before a circuit court judge on January 19, 1989, Johnson regained custody of her children. On March 30, 1989, the state attorney of the Sixth Judicial Circuit declined to prosecute Johnson.
As we said in Troupe v. Redner, 652 So.2d 394, 395 (Fla. 2d DCA 1995):
Our function when reviewing an order of dismissal entered pursuant to rule 1.140(b), Florida Rules of Civil Procedure, is confined to whether the trial court properly concluded that the complaint did not state a cause of action. In reaching that determination, we must take the pleaded facts as true and we are not concerned with the quality of the allegations or how they will ultimately be proved.
Applying this standard of review to Johnson's complaint,[2] we determine that she has used all the necessary words and phrases to facially state a cause of action as to count I pursuant to 42 U.S.C. § 1983 and reverse the dismissal of that count.
As to count II for false arrest/false imprisonment, we reverse the dismissal as to Clemento and the City. See Thomas v. Florida Game & Fresh Water Comm'n, 627 So.2d 541 (Fla. 2d DCA 1993) (sovereign immunity does not bar action for false arrest); Hennagan v. Department of Highway Safety & Motor Vehicles, 467 So.2d 748 (Fla. 1st DCA 1985) (reversing dismissal of false imprisonment action against Department). We also reverse the dismissal of count II against Sackett and HRS as to plaintiffs Robin and Nicole, whom Sackett took into HRS custody. As to plaintiffs Johnson and Zachary, however, we affirm the dismissal of count II against Sackett and HRS because the alleged facts do not indicate that Sackett arrested or imprisoned Johnson or Zachary. We also note that Sackett had no authority to arrest or seize Johnson.
With respect to count III for assault and battery, we affirm the dismissal against Clemento and the City, except as to Johnson. None of the alleged facts indicate that Clemento committed an assault or battery against Robin, Nicole, or Zachary. While assault and battery as an "ordinary incident" of arrest is not an independent tort and is considered in calculating damages in an action for false arrest, Lester v. City of Tavares, 603 So.2d 18 (Fla. 5th DCA 1992), "arguably excessive force" to effect an arrest can present a jury question on an assault and battery count against an officer and municipality. City of Homestead v. Suarez, 591 So.2d 1125, 1126 (Fla. 3d DCA 1992).
With respect to Sackett and HRS, we affirm the dismissal of count III as to Johnson, Nicole, and Zachary based on the lack of alleged facts to support an assault and battery. As to Robin, the trial court dismissed the assault and battery claim against HRS and dismissed the assault claim against Sackett, while it denied dismissal of Robin's battery claim against Sackett. We reverse the dismissal of Robin's assault and battery claim against HRS and her assault claim against Sackett, and we affirm the denial of the motion to dismiss Robin's battery claim against Sackett.
Count IV, which the trial court dismissed, alleges intentional infliction of emotional distress by Sackett and Clemento. The complaint contains sufficient allegations so that "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'" Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla.1985) (quoting Restatement (Second) of Torts § 46 com.d (1965)). The elements of the cause of action are: "(1) the wrongdoer's conduct was intentional or reckless... (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." Dominguez v. Equitable Life Assurance Soc'y, 438 So.2d 58, 59 (Fla. 3d DCA 1983), approved, 467 So.2d 281 (Fla.1985).
*930 Johnson alleged that Sackett and Clemento's unjustified and unexplained taking of her children while she and her children attended church services was outrageous. She alleged that this conduct was accomplished by ripping the infant, Zachary, from her arms, choking her until she lost consciousness, throwing her to the ground, arresting her for challenging Sackett and Clemento's legal authority to take the children without a court order or any justification, and then initiating dependency proceedings to terminate the parent-child relationship. She alleges that these acts were all taken under the guise of state authority. Based on the complaint's allegations, we reverse the dismissal of count IV against Sackett and Clemento.
We also reverse the dismissal of count V for negligence with respect to the negligent investigation allegations against Sackett and HRS. See Department of Health & Rehab. Servs. v. Yamuni, 529 So.2d 258 (Fla.1988) (recognizing cause of action for negligent investigation by HRS caseworker where failure to take child resulted in injuries). As to the remainder of count V against all the defendants, we affirm the trial court's dismissal. See Carpenter v. City of St. Petersburg, 547 So.2d 339 (Fla. 2d DCA 1989) (officer and city immune from liability under section 768.28(9)(a) for negligent arrest).
With respect to the malicious prosecution claims in count VI against the City and HRS, the trial court properly dismissed those claims. As this court said in Sebring Utilities Comm'n v. Sicher, 509 So.2d 968, 970 (Fla. 2d DCA 1987), "Malice is not only an essential element of malicious prosecution; it is the gist of such a cause of action." Section 768.28(9)(a) bars an action for malicious prosecution against the state or its subdivisions arising from the malicious acts of their employees. Sebring, 509 So.2d at 970; City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985), review denied, 486 So.2d 596 (Fla.1986); Hambley v. State, Dep't of Natural Resources, 459 So.2d 408 (Fla. 1st DCA 1984). While we affirm the dismissal of count VI for malicious prosecution against the City and HRS, we reverse the dismissal against Clemento. The trial court denied the motion to dismiss against Sackett for malicious prosecution, and we affirm the trial court on that point.
The defendants also attacked the joinder of the individual defendants and the government entities in counts II, III, V, and VI of the complaint. It is well established that under section 768.28(9)(a), Florida Statutes (Supp.1988),[3] that "[i]n any given situation either the agency can be held liable under Florida law, or the employee, but not both." McGhee v. Volusia County, 679 So.2d 729, 733 (Fla.1996). At the same time, a party may assert inconsistent claims in the same pleading. Fla. R. Civ. P. 1.110(g). This remains true when the claims are mutually exclusive. Rausch-Livingston Real Estate v. Dixon, 260 So.2d 290 (Fla. 2d DCA 1972); see also Maybin v. Thompson, 514 So.2d 1129 (Fla. 2d DCA 1987). Johnson can therefore make claims against HRS and the City for acts of Sackett and Clemento committed within the scope of their employment and, in the alternative, pursue personal liability of these defendants for acts "in bad faith or with malicious purpose or in a manner *931 exhibiting wanton and willful disregard of human rights, safety or property." § 768.28(9)(a), Fla.Stat. (Supp.1988). Johnson has pleaded these alternative theories. The problem, if any, is that she has made the alternative allegations within the same count of the complaint. While we think it a better practice to have separated the alternative allegations in separate counts, we do not find the manner in which the complaint is structured to be a proper basis for dismissal.
In summary, we dispose of the counts as follows: (I) reverse dismissal; (II) affirm dismissal against Sackett and HRS as to Johnson and Zachary, reverse dismissal against Sackett and HRS as to Robin and Nicole, and reverse dismissal against Clemento and the City; (III) affirm dismissal against Sackett and HRS as to Johnson, Nicole, and Zachary, affirm denial of dismissal on Robin's battery claim against Sackett, reverse dismissal on Robin's assault and battery claim against HRS and assault claim against Sackett, affirm dismissal against Clemento and the City as to Robin, Nicole, and Zachary, and reverse dismissal against Clemento and the City as to Johnson; (IV) reverse dismissal against Sackett and Clemento; (V) reverse dismissal of negligent investigation claim against Sackett and HRS, and affirm the dismissal of the remainder of the count; and (VI) affirm dismissal against the City and HRS, affirm the denial of dismissal against Sackett, and reverse dismissal against Clemento. On the claims that we have reversed the trial court's dismissal, we direct that Johnson's complaint be reinstated on those allegations. We note that the counts in which we have reversed the dismissal are an example of an attempt to litigate matters in a motion to dismiss for failure to state a cause of action which the defendants could properly raise in a motion for summary judgment.
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and QUINCE, J., concur.
NOTES
[1] The trial court denied the dismissal of a battery claim and malicious prosecution claim against Sackett. Otherwise, the trial court dismissed the complaint with prejudice.
[2] The complaint is comprised of twenty-nine pages of detailed allegations.
[3] Section 768.28(9)(a), Florida Statutes (Supp. 1988), provides:

No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.... The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.