951 So.2d 918 (2007)
FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellant,
v.
William J. GREEN, Appellee.
No. 4D06-1991.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Rehearing Denied April 11, 2007.
Carri S. Leininger of Williams, Leininger & Cosby, P.A., West Palm Beach, for appellant.
Virginia P. Sherlock and Howard K. Heims of Littman, Sherlock & Heims, P.A., Stuart, for appellee.
SHAHOOD, J.
This is an appeal by the Florida Department of Environmental Protection (FDEP) *919 from a Final Judgment in favor of William Green following a trial by jury. We hold the trial court erred in denying FDEP's motion for summary judgment and reverse and remand with directions to enter final judgment in favor of FDEP.
William Green filed a complaint for malicious prosecution against FDEP, James Dyal and Mark Nelson. The complaint was based on a February 21, 2001 criminal proceeding against Green by FDEP for the unlawful installation of radio equipment using the frequency of state or law enforcement officers. An amended complaint was filed on October 1, 2003, containing three counts: malicious prosecution by FDEP (count I); malicious prosecution by James Dyal (count II); and malicious prosecution by Mark Nelson (count III). Counts II and III were dismissed with prejudice.
Green testified that he became a volunteer at Jonathan Dickinson State Park in 1998. His immediate supervisor was Jill Parnell. Green was issued a hand-held radio to keep in contact with the ranger station. On August 21, 2000, one of the ranger's radios broke and they needed Green's, so Green turned in his radio to Parnell. He asked Parnell if he could go to Radiotronics and purchase his own radio with his own money and she said yes.
Green was terminated as a volunteer on September 7, 2000 due to complaints regarding unauthorized patrols of the park. Upon hearing that he was terminated, Green took the radio out of his car, knowing that he could not have the radio if he was not a volunteer. Green did not use the radio at all after it was taken out of his car.
On October 24, 2000, Officer Dyal came to Green's house and asked him if he had a radio installed in his vehicle from Radiotronics and Green said he did. Green showed the officer the radio, as it was not installed at that time, and the receipts from the purchase. Green told the officer that Jill Parnell had authorized him to have the radio.
Green was thereafter arrested and charged with violation of section 843.16(1), Florida Statutes (2000), making it "[u]nlawful to install or transport radio equipment using assigned frequency of state or law enforcement officers. . . ." The charges against Green were ultimately nolle prossed by the office of the state attorney.
The FDEP argues that it was entitled to summary judgment in its favor because section 768.28(9), Florida Statutes (2003), provides that state agencies are immune from the malicious acts of employees.
Green argues that section 768.28(9) does not immunize a government entity from tort liability for acts of employees acting within the course and scope of their duties and functions.
Section 768.28(9)(a) provides sovereign immunity to the State from vicarious liability for certain torts of its employees. The statute provides:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of *920 its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

§ 768.28(9)(a), Fla. Stat. (2003). The above underlined portion was added by amendment in 1980. The Florida Supreme Court in McGhee v. Volusia County, 679 So.2d 729 (Fla.1996), interpreted this amendment:
We thus conclude that the intent behind the 1980 amendments was to extend the veil of sovereign immunity to the specified governmental employees when they are acting within the scope of employment, with the employing agency alone remaining liable up to the limits provided by statute. That veil is lifted only where the employee's act fell outside the scope of employment, in which event sovereign immunity then shields the employing agency from liability.
Id. at 733. This interpretation distinguishes actions by employees that are within the scope of their employment, the first part of the statute, from actions by employees that are outside the scope of their employment, as provided by the 1980 amendment.
In Irani v. City of Hallandale, 756 So.2d 110, 110 (Fla. 4th DCA 1999), this court held that a malicious prosecution count was properly dismissed as being barred by the doctrine of sovereign immunity. Also, in City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985), a malicious prosecution claim against the city was held to be barred by section 768.28(9). In Fowler, a developer had made an agreement with the city to ban a city official from the construction site during a load test. Id. at 821. The city official showed up at the test and the developer called the police, but the police arrested the developer and the city prosecuted the developer for violating a city code which requires developers to admit building inspectors. Id. The developer sued the city for malicious prosecution. The court found that section 768.28(9) "now affirmatively disallows suits against municipalities for the malicious acts of their employees." Id. at 822. Also, in Johnson v. State, Department of Health & Rehabilitative Services, 695 So.2d 927 (Fla. 2d DCA 1997), the court upheld a lower court's dismissal of malicious prosecution claims against the City and HRS under section 768.28(9)(a).
Because "malice" is a necessary element of malicious prosecution and section 768.28(9)(a) immunizes the State and its agencies from "malicious" acts of its employees while they are acting within the scope of their employment, Green is barred from bringing a malicious prosecution claim against FDEP.
Since we are reversing with directions to enter final judgment in favor of FDEP, all other issues raised by appellant are deemed moot.
Reversed and Remanded with Directions.
STEVENSON, C.J., and KLEIN, J., concur.