[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11082
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-01454-TJC-MCR

FLUID DYNAMICS HOLDINGS, LLC,
a Delaware Limited Liability Company,

Plaintiff - Appellant,

versus

CITY OF JACKSONVILLE,
a Florida municipality,
JACKSONVILLE ELECTRIC AUTHORITY,
a body politic and corporate created by the
Charter of the City of Jacksonville, Florida,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 5, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Fluid Dynamics Holdings, LLC, appeals the entry of summary judgment in favor of the Jacksonville Electric Authority ("the JEA"), an agency of the City of Jacksonville, Florida. The district court ruled on the basis of sovereign immunity. After review, we affirm.

**I.**

Fluid Dynamics sued the City of Jacksonville ("the City") and the JEA under Florida law for tortious interference and defamation. The complaint alleged the City and the JEA interfered with an agreement Fluid Dynamics had to install "Precision Flow Systems" on water pipes at private apartment complexes in Jacksonville. Concerned these devices might cause fire safety issues, the City and the JEA required Fluid Dynamics to remove some of them. The City and the JEA also voiced concerns about the devices in a news article published in First Coast News.

In response to the suit brought by Fluid Dynamics, the City and the JEA both raised sovereign immunity as an affirmative defense. Fluid Dynamics later dismissed the City with prejudice.

The JEA moved for partial summary judgment, asserting it is entitled to sovereign immunity except to the extent waived by the Florida legislature in Florida Statute § 768.28. Fluid Dynamics countered that whether the JEA is entitled to sovereign immunity turns on the level of control the City exerts over the

2

JEA, which it contended is a question of fact.  As support, Fluid Dynamics cited

Plancher v. UCF Athletics Association, Inc., 175 So. 3d 724 (Fla. 2015), in which

the Florida Supreme Court held a private, nonprofit corporation was entitled to

sovereign immunity because of the control a state university exerted over it.

The district court held the JEA is a governmental unit entitled to sovereign

immunity as a matter of law and thus granted the JEA's motion. The district court

considered itself bound by the Florida First District Court of Appeal's decision in

Jetton v. Jacksonville Electric Authority, 399 So. 2d 396 (Fla. 1st DCA 1981),

which held that the JEA has sovereign immunity.  Id. at 396.

The JEA then moved for summary judgment, asserting Fluid Dynamics did

not provide pre-suit notice required by § 768.28, such that the JEA retained its

sovereign immunity.  Fluid Dynamics admitted it did not provide the required

notice.  The district court entered final judgment in the JEA's favor.  This appeal

followed.

## II.

Florida municipalities and municipal agencies enjoy sovereign immunity.[1]

See Cauley v. City of Jacksonville, 403 So. 2d 379, 384 (Fla. 1981); Jetton, 399

So. 2d at 398.  However, the Florida legislature has waived sovereign immunity

---

[1] We apply Florida substantive law, including Florida sovereign immunity law, in this diversity case.  Carlson v. FedEx Ground Package Sys., Inc., 787 F.3d 1313, 1318 (11th Cir. 2015).

from tort suits to the extent set out in § 768.28. The waiver extends to any state "agencies or subdivisions," defined to include "counties and municipalities" and "corporations primarily acting as instrumentalities or agencies of . . . municipalities." Id. § 768.28(1), (2). We agree with the district court's ruling that the JEA has sovereign immunity subject to the § 768.28 waiver.

As the district court explained, the Jacksonville Charter defines the JEA as an "independent agenc[y]" of the City. Jacksonville, Fla., Charter § 18.07. The Florida legislature "created and established" the JEA by statute as a "body politic and corporate" to exercise "all powers with respect to electric, water, sewer, natural gas and such other utilities which are now, in future could be, or could have been but for this article, exercised by the City of Jacksonville." Id. § 21.01 (citing statutes creating the JEA). As the Charter makes plain, the JEA is a governmental entity created by the Florida legislature, and it primarily acts as the City's agent in providing utility services.

What's more, Florida courts have already determined the JEA is entitled to sovereign immunity and subject to the provisions of § 768.28. See Jetton, 399 So. 2d at 398.[2] In Jetton, a man sued the JEA over injuries he sustained when building

---

[2] We are "bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1021 (11th Cir. 2014) (quotation marks omitted).

materials he was carrying touched a JEA electrical transmission line. Id. at 396.

The JEA asserted that its liability was limited by § 768.28(5), which at the time

limited recovery from a municipal agency to $50,000. Id. at 397. The First

District Court of Appeal concluded the JEA "is a governmental unit, an electric

utility operated by the City of Jacksonville." Id. at 398. It held the damages cap

"clearly extends to units that, like JEA, are 'primarily acting as instrumentalities or

agencies of . . . municipalities.'" Id. (quoting Fla. Stat. § 768.28(2)) Florida courts

continue to follow Jetton's sovereign immunity holding. See Fluid Dynamics

Holdings LLC v. City of Jacksonville, Case No. 3:14-cv-1454-J-32MCR, 2017

WL 3723367, at *3 n.5 (M.D. Fla. Aug. 29, 2017) (collecting cases). And the

Second District Court of Appeal cited Jetton in Sebring Utilities Commission v.

Sicher, 509 So. 2d 968, 970 (Fla. 2d DCA 1987), in concluding another Florida

municipal agency has sovereign immunity.

Fluid Dynamics says the Florida Supreme Court's decision in Plancher

called Jetton into question. 175 So. 3d at 724. Not so. In Plancher, the Florida

Supreme Court held the University of Central Florida Athletics Association, a

private non-profit corporation, is entitled to sovereign immunity because of the

degree of control the University of Central Florida exercises over it. Id. at 729.

Plancher looked to the athletic association's bylaws and to Florida statutes to

determine the university exercised sufficient control over the athletic association to

5

entitle the athletic association to sovereign immunity.   If we accept that Plancher's control test applies to governmental entities as well as private corporations controlled by state agencies, the test is met here.  The City exercises control over the JEA.  The mayor appoints, and the municipal council confirms, members of the JEA's board.  Jacksonville, Fla., Charter § 21.03; cf. Plancher, 175 So. 3d at 728 (discussing UCF's control over the athletic association board).  The mayor and the municipal council approve the JEA's budget and have unique powers over the JEA's revenues.  Jacksonville, Fla., Charter § 21.07; cf. Plancher, 175 So. 3d at 728-29 (discussing UCF's power over the athletic association budget).  And the municipal council has the power to amend the article of the charter that delineates the JEA's powers.  Jacksonville, Fla., Charter § 21.11.  The Florida Supreme Court found a similar level of control sufficient to make the University of Central Florida Athletic Association an instrumentality of the University of Central Florida.  See Plancher, 175 So. 3d at 728–729.  So too the City's control over the JEA makes it an instrumentality or agency of the municipality.

The bottom line is the JEA is entitled to sovereign immunity.  The Florida legislature waived the JEA's immunity from tort liability in § 768.28.  However, Fluid Dynamics has conceded that it did not satisfy the pre-suit notice requirements set out in § 768.28(6).  Failure to provide the required notice is "fatal" to a tort suit against an entity with sovereign immunity.  Menendez v. N.

6

Broward Hosp. Dist., 537 So. 2d 89, 91 (Fla. 1988).  Judgment in the JEA's favor was proper for that reason.

We therefore AFFIRM the district court's judgment.  We DENY AS MOOT Fluid Dynamics' motion to certify a question to the Florida Supreme Court.